Evans, Respondent, vs. Foster, Appellant.

*October 24 — November 17, 1891.*

(*1, 2*) *Wills: Acceptance of devise by residuary legatee and executrix: Personal liability to pay legacy: Time for payment: Interest.* (*3*) *Appeal: Remission of excess in judgment.*

1. A residuary legatee, to whom land was devised subject to the lien of a legacy to another person, was appointed sole executrix and exempted from giving bond. She sold and conveyed the land and converted the proceeds to her own use. *Held,* that she became personally liable to pay the legacy.
2. A will charged the support of a person during life upon certain land which it had already charged with payment of a pecuniary legacy to another person. A residuary legatee having become personally liable to pay said pecuniary legacy, it is *held* that it became due and payable at the expiration of the time limited for the payment of debts and legacies generally, and was not postponed until the death of the person whose support was charged upon the same land.
3. An excess in a judgment, caused by a mistake in computing interest, cannot be remitted in this court on appeal.

APPEAL from the Circuit Court for *Waukesha* County. Sarah Evans died November 3, 1878, leaving a will executed September 21, 1878, and which was admitted to probate April 7, 1879, in and by which she, in effect, gave, devised, and bequeathed to her son Marcenas the sum of $2,000, the same to be a lien upon her Pewaukee farm of eighty acres, therein described, until satisfied and paid.

Evans vs. Foster.

She also devised to her said son a lot in Waukesha, therein described. She therein also gave, devised, and ordained that her daughter Mary Ann should have her support and maintenance out of the proceeds, issues, and profits of said farm for and during her natural life, and that the same should be a lien on said farm. She also therein devised said farm to the defendant, *Minnie Foster*, her daughter, for her own use and behoof forever, subject, however, to the foregoing liens and legacies. She also therein devised to the said defendant, *Minnie*, three lots, and the homestead thereon, therein described, for her own benefit and behoof forever. She also therein devised and bequeathed to the said defendant, *Minnie*, all the rest, residue, and remainder of her real estate, wherever the same might be located, for her own use, benefit, and behoof forever. She also therein devised and bequeathed unto the defendant, *Minnie*, all her personal estate and effects, of every name and description, for her own use and benefit forever, after the payment of her just debts, funeral expenses, and the expenses of the administration of her estate. She also therein constituted and appointed the said defendant, *Minnie*, the sole executrix of her said last will and testament, and directed that she should not be required to give any security or bonds, other than her own personal obligation, as such executrix, in any manner connected with said administration, or in the execution and performance of any duty or trust under the provisions and conditions of said will.

On March 13, 1888, the said Marcenas assigned to his wife, the plaintiff herein, the balance due on said legacy of $2,000 so bequeathed to him as aforesaid.

This action was commenced in the circuit court on or about May 21, 1889, for the recovery of said legacy of $2,000, and interest thereon, upon the facts stated.

The defendant answered by way of admissions and denials, and alleged, in effect, that, of the whole amount of

personal property which came to her hands as such executrix, the net amount was only $87.25, after paying the funeral expenses and the expenses of administration, which said sum was paid to said Marcenas, and that she also paid him the further sum of $200 over and above the amount admitted in the complaint. And, as a separate defense, she alleged that there was no other property or income out of which to pay said legacy except said farm; that the income thereof was barely sufficient to pay the taxes and repairs thereon, and the maintenance of said Mary Ann, as directed in the will; that said $2,000 legacy did not become due or payable until after the death of said Mary Ann, except in case of the sale of said farm for a sufficient amount to guaranty the maintenance of said Mary Ann and to pay said legacy; that the farm was unsold, and was insufficient to pay such amounts.

Upon the trial a jury was waived, and at the close of the trial the court found, in addition to the facts stated, that the property left by said testatrix, and which came to the hands of the defendant as such executrix, was sufficient to pay all debts, legacies, and claims against the estate; that the county court, by an order, limited the time for the payment of the legacies to one year from and after April 7, 1879; that Marcenas died after having assigned his interest in said legacy to the plaintiff, and prior to the commencement of this action; that divers sums had been paid to Marcenas on the legacy by the defendant, amounting in all to $1,150; that the unpaid balance, with interest thereon, amounted at the time of the trial, February 4, 1891, to $2,380.05. As conclusions of law, the court found, in effect, that the legacy to Marcenas became due at the end of the year limited by the order of the county court for the payment of debts and legacies, and drew interest from that time according to the rule in partial payments, and that the plaintiff was entitled to judgment for $2,380.05, besides

costs.   From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *P. H. Carney*, attorney, and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine*.  They contended, *inter alia*, that the farm was not devised to the defendant upon condition that she pay the legacy to Marcenas D. Evans, and that she is not in any manner directed by the will to pay the legacy. The farm was simply devised to her "subject to the liens" thereon created by the will.  By her acceptance of the farm, therefore, no promise on her part to pay the legacy could arise, and she did not become personally liable for its payment.   *Langstroth v. Golding*, 41 N. J. Eq. 49, 54; *Wallington v. Taylor*, 1 id. 314.  This case is strictly analogous to a sale of land "subject" to a mortgage, where it is well settled that the purchaser is not personally liable. *Belmont v. Coman*, 22 N. Y. 438; *Equitable Life Ass. Soc. v. Bostwick*, 100 id. 628; *Smith v. Cornell*, 111 id. 554, 558; *Woodbury v. Swan*, 58 N. H. 380; *Lawrence v. Towle*, 59 id. 28; *Fiske v. Tolman*, 124 Mass. 254; *Patton v. Adkins*, 42 Ark. 197; *Hall v. Morgan*, 79 Mo. 47.

Whether the defendant is personally charged, or whether the land alone is charged, with the payment of the legacy to Marcenas, interest is not recoverable because, by the construction due to the will, the payment of the legacy is postponed to the death of Mary Ann Evans.  There was no personal property which could be applied to its payment, and the other real estate, having been specifically devised, could not be sold to pay this legacy which was charged upon the farm.  *Case v. Case*, Kirby (Conn.), 284. If, therefore, the legacy to Marcenas could not, for any sufficient reason, be paid out of the farm during the life of Mary Ann, the testatrix intended that it should not be paid until the death of Mary Ann.  The bequest to Mary Ann having been given for her support and maintenance, and

the legacy to Marcenas not having been given for any such purpose, nothing can be more plain than that the testatrix intended that Mary Ann should have her support and maintenance out of the farm, and that she should have the whole net income, if necessary. *Donnelly v. Edelen*, 40 Md. 117; *Estate of Goodrich*, 38 Wis. 492.

For the respondent there was a brief by *C. E. Armin*, attorney, and *Turner, Sutherland & Timlin*, of counsel, and oral argument by *C. E. Armin* and *W. H. Timlin*. They argued, among other things, that there having come into the hands of the defendant more than sufficient property to pay all the debts, legacies, and expenses, and the time limited for paying the legacies having expired, the plaintiff was entitled to the judgment recovered. *Brooks v. Lynde*, 7 Allen, 64; *Thorn v. Garner*, 113 N. Y. 202; *Glen v. Fisher*, 6 Johns. Ch. 33; *Birdsall v. Hewlett*, 1 Paige, 32; *Tole v. Hardy*, 6 Cow. 333. Interest was recoverable upon the balance unpaid upon the legacy, from the expiration of the time limited for payment. *Kent v. Dunham*, 106 Mass. 589, 590; 2 Redf. Wills (2d ed.), 465; *Davison v. Rake*, 45 N. J. Eq. 767; 2 Williams, Ex'rs, bottom p. 1424; *Smith's Ex'rs v. Field*, 6 Dana, 361; *Roach v. Emerson*, 105 Mass. 431; *Lawrence v. Embree*, 3 Bradf. (N. Y.), 364; *Cooke v. Meeker*, 36 N. Y. 15; *Williamson v. Williamson*, 6 Paige, 304; Am. Law of Admin. sec. 458. The defendant being the devisee of the farm upon which the legacy is charged, and having accepted the devise, gone into possession of the property, and sold it by virtue of her title derived under the will, is personally liable for the balance due upon the legacy. *Brown v. Knapp*, 79 N. Y. 143; *Gridley v. Gridley*, 24 id. 130; *Adams v. Adams*, 14 Allen, 65; 3 Williams, Ex'rs, bottom p. 193, note K.

CASSODAY, J.   It is contended by the learned counsel for the defendant that this action cannot be maintained for the

recovery of the unpaid balance of the legacy in question. It will be observed from the foregoing statement that the legacy mentioned, and the provision for the support and maintenance of Mary Ann, were, respectively, made liens upon the Pewaukee farm; that, subject to such liens and legacies, the testatrix gave, devised, and bequeathed to the defendant the said farm, and also three village lots, including the homestead, and also all other property, both real and personal, except one village lot devised to Marcenas. By the will the defendant was also made sole executrix of the same, and was there expressly relieved from giving any security or bonds, other than her own personal obligation, as such executrix in the administration of the estate or the execution and performance of any duty or trust under the will. The defendant, in her testimony, admitted that she had rented the Pewaukee farm for $325 annually; that the year before the trial she had sold it for $6,100; that the three lots which she obtained under the will were worth about $550 each, or $1,650, and that the house thereon was worth about $1,000; that she had mortgaged the lots for $1,500; and that there was personal property as mentioned in the foregoing statement.

It may be conceded that the mere fact that a person named in a will as an executor has qualified as such does not, at common law, render him liable in an action at law to a legatee therein for his legacy. *Deeks v. Strutt*, 5 Term R. 690; *Jones v. Tanner*, 7 Barn. & C. 542. But it was held, even at common law, by Lord MANSFIELD, C. J., that an action of *assumpsit* would lie upon a promise by an executor to pay a legacy in consideration of assets. *Atkins v. Hill*, Cowp. 284; *Hawkes v. Saunders*, Cowp. 289. An ordinary executor, under our statute, is bound to administer the estate according to law and the will of the testator, sell his goods, chattels, rights, credits, and estate, and out of the same pay and discharge all debts, legacies, and charges

properly chargeable thereon, or such dividends thereon as may be ordered and adjudged by the county court, and to perform all the orders and judgments of that court. Sec. 3794, R. S.; *Scott v. West,* 63 Wis. 555. But the statute goes further, and provides that, "if the executor shall be sole or residuary legatee, instead of the bond prescribed in the preceding. section he may give a bond, in such form and with such sureties as the court may direct, with a condition *only to pay all the debts and legacies* of the testator, and in such case he shall not be required to return an inventory." Sec. 3795, R. S. The same section provides that "an executor named in any will may be exempt from giving bond when the testator has so ordered or requested in his will, unless the county court shall order otherwise." Here the executrix was so exempted from giving such bond. Having sold and conveyed the estate thus charged with the payment of the legacy in question, and converted the proceeds thereof to her own use, and become a resident of another state, the defendant must be regarded as having accepted the devises and bequests on condition that she would pay the debts and legacies as in the will prescribed. In other words, by such acceptance she became personally liable upon an implied promise to pay. *Gridley v. Gridley,* 24 N. Y. 130; *Brown v. Knapp,* 79 N. Y. 143; *Adams v. Adams,* 14 Allen, 65.

Under the provisions of the will and the statutes, we think the trial court was right in holding that the legacy became due and payable at the end of the year limited for the payment of debts and legacies; and hence that the plaintiff is entitled to interest from that date, and upon unpaid balances created by partial payments. This is the rule which seems to be indicated by the authorities. *Thorn v. Garner,* 113 N. Y. 198; *Kent v. Dunham,* 106 Mass. 586; *Davison v. Rake,* 45 N. J. Eq. 767.

It is conceded that, by some mistake in reckoning interest,

there was allowed to the plaintiff an excess of $55.55, which the plaintiff expresses a willingness to remit. But, under our practice, such remission can only be made in the trial court. *Page v. Sumpter*, 53 Wis. 657; *Wylie v. Karner*, 54 Wis. 598; *West v. M., L. S. & W. R. Co.* 56 Wis. 324.

*By the Court.*— The judgment of the circuit court is reversed, with costs, and the cause remanded with directions to enter judgment in favor of the plaintiff and against the defendant, less any excess of interest that may have been included.

See note to this case in 14 L. R. A. 117.— REP.