## WILL OF PAYNE.

*May 4—June 1, 1920.*

*Wills: Interest on legacies: When payable: Executors and administrators: Payment of legacies.*

1. Interest is due on legacies, not as a penalty for nonpayment on demand or a default in payment, but as a part of or incident to the legacy itself.

2. Where a will provided that if at the time of the death of testatrix a portion of the estate should be invested in such a way that it would be inexpedient to immediately settle the estate, the executors need not divide the same or pay any legacies for a period of three years, interest is not payable on the legacies until the expiration of the three-year period, it appearing that the testatrix made provision for maintenance during that period of those dependent on her bounty.

3. Where testatrix, recognizing that it might be inexpedient to immediately settle her estate, authorized the executors to pay certain legacies after three years, and, if necessary, to delay payment of other legacies for a period not to exceed five years, and provided that when the estate, or portions thereof, were sold the moneys derived from such sales should be applied from time to time to settle certain of the legacies, with interest at five per cent. per annum, interest on such legacies was not payable annually, but, in accordance with the rule applicable to contracts, at the time the legacies were payable.

·APPEAL from a judgment of the county court of Milwaukee county: MICHAEL S. SHERIDAN, Judge. *Modified and affirmed.*

Construction of will. Lydia W. Payne died on December 24, 1915, and by will disposed of an estate consisting of stocks and bonds appraised at $392,758.89. By her will she directed the payment of certain legacies, either directly to the legatees or in trust for their benefit. Clause 19 is as follows:

*"Nineteenth.* At the time of my decease, a portion of my estate may be invested in such a way that it would be inexpedient to settle my estate within the period it ordinarily takes to settle an estate. Therefore, it is my wish that the executor hereby appointed need not divide my estate or pay any legacies until, in their judgment, such division would be for the best interest of my estate as a whole, but in no event shall my estate remain undivided under this provision for a longer period than three (3) years from the date of my decease. If at the date of such division any portion of 'my estate should still be invested in such a way that it would be inexpedient to sell the same, and the remaining portion of my estate, after paying all the legacies therein contained except those provided for in paragraphs marked 'Second,' 'Third,' 'Fourth,' 'Fifth,' 'Sixth,' and 'Seventh,' should not be sufficient to meet the requirements of said paragraphs marked Second, Third, Fourth, Fifth, Sixth, and Seventh, then it is my wish that my trustee continue to hold said portion of my estate as it regarded inexpedient to sell until the same be sold, but in no event longer than five (5) years after the settlement of my estate, and when so sold be applied from time to time to satisfy the unsatisfied portion of the paragraphs marked Second, Third, Fourth, Fifth, Sixth, and Seventh, together with interest at five (5) per cent. per annum. During the period when my estate remains undivided my executor is still authorized to pay any of the legacies herein provided for when any such legacy shall not exceed in value two thousand dollars ($2,000), if, in its judgment, any such payment can be made without injury to the *corpus* of my estate; and my executor can exercise its own discretion as to the priority between said legacies so

paid. My trustee or its successor or successors in trust is authorized to advance to Kathryne Van Dyke at any time her legacy of ten thousand dollars ($10,000), or any part thereof, as I desire her to be in a position to continue her education. If my estate should prove insufficient to meet all the legacies herein contained, then it is my wish that the small legacies be paid and any deficit be shared *pro rata* by the legacies provided for in paragraphs Second, Third, Fourth, Fifth, Sixth, and Seventh.

"During the settlement of my estate and from and after my decease, I direct my executor to make the following monthly payments to the following persons:

"To my sister, Louise, wife of Charles P. Jones, two hundred dollars ($200) per month; to my niece, Margaret V. Jones, sixty dollars ($60) per month; to my nephew, *Arthur J. Van Dyke,* son of my deceased brother, Rodolphus Van Dyke, fifty dollars ($50) per month; to my brother, Arthur Van Dyke, one hundred dollars ($100) per month; to my niece, Kathryne Van Dyke, daughter of my brother Arthur Van Dyke, one hundred dollars ($100) per month. I direct that after the death of my sister, Mrs. Charles P. Jones, the two hundred dollars ($200) per month which I directed above to be paid her during the settlement of my estate shall be paid to my nieces, Margaret V. Jones and Kathryne Van Dyke, share and share alike, and to the survivor or survivors of them."

The estate proved to be insufficient to carry out all of the provisions of the will, and the question arose whether certain legacies should bear interest from one year after the date of the death of testatrix or from the end of the three-year period. The county court by its final decree directed that the executor, by paragraph 1, should pay interest upon the legacies provided for by paragraphs Eighth, Ninth, Tenth, Eleventh, and Thirteenth at the rate of six per cent. per annum from December 24, 1916, or one year after the death of the testatrix, to the time of payment of the legacies respectively; and further that the executor should pay interest at the rate of six per cent. per annum upon the legacies provided for by paragraphs Second, Third, Fourth, Fifth,

Sixth, and Seventh at the rate of six per cent. per annum for the period commencing December 24, 1916, and ending December 23, 1918, and thereafter in accordance with the decree.

From this part of the final judgment of the county court the executor and *Cornelia Van Dyke Jones,* one of the residuary legatees, appeal.

For the appellant *First Wisconsin Trust Company* there was a brief by *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *George P. Miller.*

*William J. Zimmers* of Milwaukee, guardian *ad litem,* for the appellant *Cornelia Van Dyke Jones.*

For the respondent *Francis H. Whitney* there was a brief by *Lines, Spooner & Quarles,* and oral argument by *Charles B. Quarles* and *Howard A. Hartman,* all of Milwaukee.

*William W. Wight* of Milwaukee, for the respondent *Arthur J. Van Dyke.*

ROSENBERRY, J.  It is agreed by all of the parties in interest that the intent of the testatrix is controlling.  The controversy arises because different inferences are drawn as to her intent.  The Nineteenth clause contains the following provision:

"At the time of my decease, a portion of my estate may be invested in such a way that it would be inexpedient to settle my estate within the period it ordinarily takes to settle an estate.  Therefore, it is my wish that the executor hereby appointed need not divide my estate or pay any legacies until, in their judgment, such division would be for the best interest of my estate as a whole, but in no event shall my estate remain undivided under this provision for a longer period than three (3) years from the date of my decease."

If the will contained no other provision, the argument made by respondents that the will shows no intent to depart from the settled rule would be entitled to great weight, particularly in view of the fact that this court has adopted

the doctrine that interest is due on a legacy not as a penalty for nonpayment on demand or a default in payment, but as a part of or incident to the legacy itself. *Will of Brandon*, 164 Wis. 387, 160 N. W. 177.

In support of their contention respondents cite the following cases: *Loring v. Massachusetts H. Soc.* 171 Mass. 401, 50 N. E. 936; *Warwick v. Ely*, 59 N. J. Eq. 44, 44 Atl. 666; *In re Spencer*, 16 R. I. 25, 12 Atl. 124; *Kent v. Dunham*, 106 Mass. 586; *Ogden v. Pattee*, 149 Mass. 82, 21 N. E. 227; *O'Leary's Estate*, 255 Pa. St. 521, 100 Atl. 459.

As was said in *Will of Elmore*, 165 Wis. 266, 162 N. W. 438, authorities and rules are helpful, but each will must be interpreted in the light of the circumstances surrounding the testator.     When the intent of the testator appears, it is the duty of the court to carry out that intent. *Will of Stark*, 149 Wis. 631, 134 N. W. 389.    The provisions of subdivision Nineteen show that the testatrix had the matter of interest in mind, for she provided for the payment of interest at the rate of five per cent. per annum, one per cent. less than the legal rate, upon such portions of the provisions covered by the Second, Third, Fourth, Fifth, Sixth, and Seventh paragraphs as should remain unpaid at the expiration of the three-year period.    Had she intended that all the legacies should bear interest at the rate of six per cent. during the settlement period, there would have been no reason for the provision in regard to interest after the expiration of the three-year period.    No reason is assigned or suggested why interest should be paid at the rate of six per cent. during the period of settlement, and at a lesser rate when by the terms of the will the legacies were due and payable.    In addition she provided, by the clause marked "Nineteenth," for the maintenance during the period of settlement of those who were dependent upon her bounty. We are of the opinion that the provisions of the will indicate that the testatrix intended that the legacies should not begin

to bear interest until the end of the three-year period, unless settlement should be sooner made in the discretion of her executor. Interest, therefore, did not commence to run upon the legacies described in paragraph 1 of the decree until the end of the three-year period, or December 24, 1918.

It is further contended on behalf of some of the respondents that under the provisions of the clause marked "Nineteenth," interest at the rate of five per cent. was payable annually. The provision is that when the property is sold the proceeds shall "be applied from time to time to satisfy the unsatisfied portion of paragraphs marked Second, Third, Fourth, Fifth, Sixth, and Seventh, together with interest at five per cent. per annum." Where a contract provides for the payment of a certain rate of interest per annum, it only fixes the rate to be paid and has no reference to the time when such interest shall be paid, and interest so reserved is held to become due and payable only with the principal. 22 Cyc. 1483, and cases there cited. We see no reason why the same rule should not be applied to payments of legacies under a will. If this were not the general rule of law, the fact that by the terms of the will the payments required by the Second, Third, Fourth, Fifth, Sixth, and Seventh paragraphs are payable only when funds are derived from the sales of certain property, indicates that it was the intention of the testatrix that the legacy, including interest, should be paid at one time.

*By the Court.*—Judgment of the county court is modified as indicated in this opinion, and as so modified is affirmed, appellant to recover costs in this court.