WILL OF BARRETT: WISCONSIN TRUST COMPANY, Trustee, Appellant, vs. MILEY, Executor, Respondent.

*January 12—February 8, 1921.*

*Wills: Interest on legacies: When payable.*

1. General legacies do not bear interest until one year after the death of testator unless the will shows a contrary intent; but legacies in payment of debts or for the support of infants, widows, or dependents are exceptions to the general rule.
2. A will bequeathing property in trust which directed the executor to pay the trustee the bequest in money and also directed the trustee to invest the funds and pay the interest to life tenants manifested testator's intention that the life tenants receive interest from the time the legacies were payable to the trustee, which is one year after testator's death.

APPEAL from an order of the county court of Milwaukee county: JOHN C. KAREL, Judge. *Affirmed.*

The action arose on objection of the *Wisconsin Trust Company,* now the First Wisconsin Trust Company, of Milwaukee, to the final account of *John P. Miley,* executor under the will of George M. Barrett, deceased.

George M. Barrett died on November 6, 1916, leaving a will whereby $63,000 was given to the *Wisconsin Trust Company* as trustee. The paragraphs whereby the trusts were created are as follows:

Paragraph 10 gives $3,000 to the *Wisconsin Trust Company* "to hold in trust for the following use and purpose: said sum to be invested by said trustee and $1,000 to be paid with accumulated interest on same to" three different beneficiaries when they shall have reached the age, respectively, of thirty years.

Paragraph 11 provides:

"I give and bequeath to the *Wisconsin Trust Company* the sum of $10,000 to hold in trust for the following use and purpose: said sum to be invested and the interest on same to be paid to my brother, Richard Barrett, and his wife during their lives and the survivor of them; after the death of the

survivor of them, said principal to be paid to their son, James W. Barrett."

Paragraphs 12, 13, and 14 bequeath various sums to the *Wisconsin Trust Company* "to hold in trust for the following use and purpose: said sum to be invested and interest on same to be paid" to the beneficiaries named during their lifetimes, and after their death the principal to be paid to the residuary legatee.

Paragraph 15 bequeaths certain sums to the *Wisconsin Trust Company* in trust to be invested, interest to be paid to the beneficiary during his life and the remainder over to his widow.

Paragraphs 16 and 17 bequeath certain sums to the *Wisconsin Trust Company* in trust, to invest, and the accumulated interest and principal to be paid to the persons named as specified.

The executor, in submitting his final account on May 21, 1918, did not credit the trustee with the income of the first year after death. The trustee entered objection to this on August 5th, contending that the income should be computed on the bequests from the day of death. An order enjoining and restraining the distribution of the estate was made. Hearings were had and the court held, among other things, that the legacies mentioned in the will were paid by the executor without any unnecessary delay on his part; that the bequests in question were general and not specific legacies; that the assets of the estate consisted principally of railroad bonds drawing four per cent. interest.

Judgment was entered dismissing the objections and approving the account as filed. This is an appeal from such judgment.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* and oral argument by *Malcolm K. Whyte* and *Walter L. Gold,* all of Milwaukee.

*Henry J. Killilea* of Milwaukee, for the respondent.

SIEBECKER, C. J.   The county court held that the executor was not required to pay interest on the bequests above set forth from the date of the testator's death.   This holding is challenged on the grounds that (1) since the beneficiaries received from the testator a substantial monthly amount as a gratuity for their support for years prior to his death, the relationship of the beneficiaries to testator was that of dependents, and hence these provisions of the will are within the exception to the rule that interest on a general legacy does not commence to accrue until one year after the death of testator; (2) that they are bequests of the interest for life on funds bequeathed in trust and remainder over, and therefore the life tenant is entitled to interest on the fund from the date of the testator's death; and (3) that the provisions of the will show an intent on the part of the testator that the life tenants were to be paid interest on these funds from his death.

The view we take of this case renders immaterial the exception urged by appellant to the court's refusal to find as a fact that the designated beneficiaries, who were to receive the interest on the funds given in trust, had received substantial financial assistance from testator in his lifetime for their necessary support and maintenance.   It is the rule that general legacies do not bear interest until one year after the date of testator's death, unless the will shows a contrary intent, and for the reason that in law such legacies are not due until one year after testator's death.   "Though the testator directed payment of the legacy 'as soon as possible,' or 'with interest,' this does not change the rule; nor are phrases readily construed as justifying later payments without allowance of interest."   2 Schouler, Wills, § 1481.   If the will shows a clear intent of testator that interest is to be paid from death, the bequest carries interest. · Legacies in payment of testator's debts, or for support of infants, widows, or dependents, are held to be exceptions to the foregoing

general rule, and interest thereon is allowed from the date of the testator's death. *Ibid.* § 1482; 1 Underhill, Wills, §§ 428, 429; 3 Redfield, Wills, § 186.

In *Welsh v. Brown,* 43 N. J. Law, 37, the court, in dealing with the subject of life legacies and interest thereon, held that general legacies are to be paid out of testator's estate at the expiration of one year from testator's death, and if not so paid will bear interest as damages from that date. The exceptions to this rule are specified by the court. The court also adverts to the distinction between an annuity and the bequest of the interest of a specified sum. Respecting the bequest of such interest it holds: "It is not a stated sum, but may be more or less, according to the earning of the capital; in this respect it does not possess the characteristics of an annuity, but is merely interest or income. It is payable annually; in this respect it possesses a characteristic common alike to an annuity and to interest, but not peculiar to either." *Marsh v. Taylor,* 43 N. J. Eq. 1, 10 Atl. 486; *Flummerfelt's Ex'rs v. Flummerfelt,* 51 N. J. Eq. 432, 26 Atl. 857; *Fenton v. Hall,* 235 Ill. 552, 85 N. E. 936; 2 Alexander, Wills, § 666. In *Evans v. Foster,* 80 Wis. 509, 50 N. W. 410, this court approves the rule that general legacies are not due until one year after testator's death and that interest begins to run thereon from the expiration of one year from such death.

Do the provisions of the will, in the light of the facts surrounding the testator, indicate that he intended that interest should be paid to the life tenants on the legacies put in trust for their benefit? All of the bequests to the trust company for benefit of life tenants are directed to be held in trust for the purposes specified, with the specific direction that the sums so bequeathed *shall be invested by the trustee* and the interest thereon paid to the life tenants. It is evident that the testator expected his executor to take possession of his estate and to make payment of these bequests in the usual course of administration of his estate. It is not

to be inferred that he expected that he would accomplish this in less than one year.   It is to be noted that he directs the executor to pay to the trustee the specified bequests in money.   His estate consisted largely of securities which he evidently intended the executor should convert into money to enable him to pay the trustee these legacies.   The trustee is directed to invest the funds and pay "the interest on the same" to the designated beneficiaries.,  These provisions manifest an intention by the testator that the life tenants were to receive the interest on the legacies he provided for them from the time they were payable to the trustee, which is one year after his death.

It is considered that the court correctly held that the executor was not required to pay the trustee interest on the legacies in question for the year following testator's death.

*By the Court.*—That part of the order appealed from by the *Trust Company* is affirmed.