ESTATE OF BOYCE.

*February 10—March 8, 1921.*

*Wills: Legacies: When payable: Conversion of real estate into cash: Discretion of executors: Interest on legacies: Construction of will.*

1. Where the will of testatrix provided for the conversion of real estate into cash within such time as it could be conveniently and advantageously done, without limiting the executors to a fixed period of time within which to make the conversion, and provided for the payment of legacies out of the proceeds of the sale of the real estate, the legacies were not due until the property had been converted, the rule that a general legacy becomes payable one year after the death of the testatrix and bears interest from that time not being applicable.

2. A will giving "one third" of the residue of the estate to each of two daughters and "one twelfth" each to a daughter-in-law and seven named grandchildren, is construed to give one third to each of the two daughters and one twenty-fourth to the daughter-in-law and each of the grandchildren, it being the apparent intention of testatrix to divide the other third among the daughter-in-law and the grandchildren.

APPEAL from a judgment of the county court of Dane county: A. G. ZIMMERMAN, Judge. *Reversed.*

The action was brought to construe certain parts of the will of Anna M. Boyce, deceased. Objections were raised to the final accounting of the administrator of the estate.

The residuary clause construed by the court was as follows:

"I give, devise, and bequeath the rest and residue of my estate as follows: To my daughter, Clara L. Hersey, one third; to my daughter, Anna L. Boyce, one third; to my daughter-in-law, *Maud W. Boyce,* one twelfth; to my granddaughter, *Jessie W. Boyce,* one twelfth; to my grandson, *Leonard F. Boyce,* one twelfth; to my grandson, *Arthur J. Boyce,* one twelfth; to my granddaughter, *Anna L. Whitney,* one twelfth; to my granddaughter, *Alice H. Boyce,* one twelfth; to my grandson, *Reuben Boyce,* one twelfth; to my granddaughter, *Martha Boyce,* one twelfth."

When the above fractions are added together they amount to four thirds.

The court held that the testatrix intended by the residuary clause to give one third of the residue to each of her two daughters mentioned in the clause, namely, Clara L. Hersey and Anna L. Boyce, and one twenty-fourth to each of her seven grandchildren and her daughter-in-law mentioned in the clause instead of the one-twelfth therein specified.

The court also allowed interest on the legacies of Clara L. Hersey, Ruth Boyce, and Anna L. Boyce from one year after the death of the testator, against the objection of the appellants. Appeal is taken from the judgment of the court construing the above mentioned paragraph and allowing interest on the bequests.

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondents there was a brief by *Clancey & Loverud* of Stoughton, and oral argument by *E. K. Loverud.*

Siebecker, C. J.    The court allowed interest on the bequests made to Anna L. Boyce, Clara L. Hersey, and Ruth Boyce Hersey from the expiration of a year after the death of the testatrix.    The court acted upon the generally recognized legal rule that a general legacy becomes due and payable at the end of the year following testator's death, and that it bears interest from the time it is due.    *Will of Barrett, ante,* p. 313, 181 N. W. 220.

It is urged that no interest should have been allowed on these legacies because the contents of the will indicate an intention by testatrix that the legacies should not be due until the property had been converted into cash by the executors as provided in the will.    The will contains the following:

"I direct my executors to convert all my property into cash, or its equivalent, as soon as the same can be conveniently and advantageously done, and to dispose of the proceeds as hereinafter provided, but after a sufficient amount of property shall have been so converted to pay the specific legacies hereinafter provided for and said legacies have been

paid, if the remaining property can be divided satisfactorily to all the parties entitled thereto, as hereinafter provided," . . . or if the legatees could agree in writing to hold it in the manner specified, then "the said property may be set off to them in accordance with said agreement, in lieu of selling the same as hereinbefore directed."

In view of the nature and kind of property she owned and her financial obligations, it is clear that the testatrix intended that the legacies to her daughters and granddaughter should be paid out of the proceeds of the sale of her real estate. The provisions of the will and these surrounding circumstances are significant and decisive indications that she intended the legacies should not be due until sufficient property had been converted into cash, and such conversion was to be accomplished by the executors within such time as it could conveniently and advantageously be done. These provisions show that the executors were not to make the conversion until it was advantageous to the estate, and that they were not limited to a year or other fixed period of time. Under these circumstances the executors had a reasonable time to effect the conversion. There is no showing that the conversion of the estate was unduly postponed, and the trial court so held. It appears that the cash to pay these legacies was not received until April, 1919, and the legacies were paid the following May. Under all the provisions of the will it must be held that the will shows an intention by the testatrix that the pecuniary legacies to her daughters and her granddaughter were not to be due until the property had been converted into cash and was available to pay them, and that the county court erred in allowing interest on such legacies.

Obviously the testatrix made a mistake in paragraph VII, quoted above, in designating the fractional parts of the residue, because the total of the bequests equals four thirds. The county court held that the testatrix intended to give to each of her daughters named one third, and to divide the remaining one third equally between her daughter-in-law and the seven grandchildren designated in this paragraph. The

court in so construing this paragraph laid stress on the fact "that her two daughters were first in her affections and that she quite plainly intended to provide for them first to the extent of one third each, and then bestow the remaining one third in equal shares upon the members of the class consisting of daughter-in-law and grandchildren, who were second in importance." These considerations commend themselves to us as expressive of what the testatrix intended, as we gather it from the contents of the will and the relationship of the persons naturally entitled to her bounty. This conclusion is supported by the fact that she most naturally observed and noticed the simple division she made of the residue into three parts, one of which she gave to each of her daughters, and divided the remaining one equally between the members of the second class, namely, her daughter-in-law and grandchildren. There is a much stronger probability that she committed the error in fractions in disposing of the one third in eight equal parts to the second class than that she committed the error in dividing the residue of the estate into three equal parts. Furthermore, if appellants' claim is to be sustained, then every division made by the terms of this paragraph of the will would have to be changed; that is, the one third specified as bequests to each of her daughters would have to be changed to one fourth, and the second class, composed of daughter-in-law and seven grandchildren, would each receive one sixteenth of the residue, thus changing the designated portions to every legatee embraced in this paragraph of the will. We are persuaded that the county court correctly construed the will and that it harmonizes with the views expressed in *Will of Ehlers*, 155 Wis. 46, 143 N. W. 1050.

*By the Court.*—The judgment appealed from is reversed, and the case remanded to the Dane county court with directions to enter judgment in conformity with this opinion.

Eschweiler, J., dissents.