## CATON et al. v. AMERICAN SECURITY & TRUST CO. et al.

Court of Appeals of District of Columbia.
Submitted May 3, 1927. Decided May 26, 1927.

Petition for Rehearing Denied June 22, 1927.

No. 4535.

1. Wills ⬤➝734(4)—Ordinarily legacies draw interest after year from death of testator, but not where will discloses different intent of testator.

As a general rule, legacies begin to draw interest one year after the death of the testator, at which time, in the absence of any provision in the will, they are presumed to be payable, though this rule has no application where will as a whole, interpreted in the light of surrounding circumstances, discloses a different intent on the part of the testator.

2. Wills ⬤➝734(4)—Legacies payable only after deferred sale of stock, which had increased in value, held not to draw interest to date of payment, in view of will.

Where will provided that sale of certain stock constituting part of estate should be deferred until an adequate price could be obtained, and clearly showed that testator realized that all bequests could not be paid from estate as it existed when will was drawn, *held*, legacies payable out of residue of estate, which became payable only after deferred sale of stock (which had increased in value), in accordance with testator's direction, did not draw interest to date of payment.

Appeal from Supreme Court of District of Columbia.

In the matter of the estate of Charles E. Wood, deceased. On petition of the American Surety & Trust Company, executor and trustee, and others, the court decreed that certain legacies did not draw interest until payment, and James R. Caton and others appeal. Affirmed.

R. J. Whiteford, J. J. Hamilton, G. V. Triplett, Jr., W. C. Sullivan, and H. C. Clark, all of Washington, D. C., for appellants.

F. D. McKenney, J. S. Flannery, G. B. Craighill, S. C. Peelle, C. F. R. Ogilby, F. J. Hogan, D. D. Drain and W. H. Donovan, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is a special appeal from a decree in the Supreme Court of the District of Columbia holding probate court, and involves the construction of the will of Charles E. Wood, deceased, to determine whether interest shall be paid by the executor and trustee, petitioner below and

appellee in this court, on legacies bequeathed under item eighteenth of the will.

The testator died on February 17, 1908, and was survived by his wife, Eurnie I. Wood. The will, dated July 27, 1907, was admitted to probate on May 28, 1908, and letters testamentary issued to the petitioner, under which the estate since has been administered.

After providing for the payment of debts and funeral expenses, the testator, in item third of the will, empowers his executor, in its discretion, to sell any part or all of his real or personal property, either at public or private sale, "with the exception of such properties as are hereinafter either expressly reserved or devised: * * * Provided, however, that my said executor shall not sell or dispose of my stock in the Greater New York Development Company or the Brooklyn Development Company, or stock in any New York company which I may own, until such time as an adequate price, as near as may be the par value thereof, can be obtained, it being my belief that this stock will, in the near future, be a valuable asset of my estate."

In item fourth a legacy of $10,000 is directed to be paid testator's widow for her immediate and exclusive use, pending settlement of the estate, and in item fifth the additional sum of $25,000 is directed to be paid her "before any other legacy, or legacies, hereinafter mentioned."

In item sixth there is bequeathed to the executor, as trustee, the sum of $200,000 to be held in trust for the benefit of the widow during her life, the principal sum to revert to the estate at her death. Item seventh devises to the widow the residence of the testator in the District of Columbia, with the household furniture therein.

In items eighth, ninth, and tenth legacies are bequeathed to certain relatives, with the provision in each item that payment is to be made "out of the rest and residue of my estate."

Item eleventh bequeaths small legacies to fraternal associations of which testator was a member, and item twelfth explains why bequests are not made to two nephews, with whom testator had been associated in business, and to relatives of testator's wife. In item thirteenth is bequeathed a legacy to a friend, in recognition of his faithfulness and valuable assistance.

Item fourteenth reads as follows: "Should it be impossible for my executor hereinafter named to pay the legacies hereinbefore mentioned within the time given by law for the settlement of my estate, then it is directed to pay them as soon as it is possible for it to do so, together with interest on the said legacies at the rate of 5 per centum from the expiration of the legal period within which my said executor is required to make settlement, until paid. It being my desire under all circumstances, however, that the devises and bequests made to and for the use and benefit of my beloved wife, Eurnie I. Wood, shall have preference in payment both as to principal and interest."

In item fifteenth it is provided that, should the rest and residue of the estate, after payment in full of my debts and funeral expenses and the devises and bequests made to and for the use and benefit of testator's wife, prove insufficient to pay all the other legacies theretofore mentioned, the legacies then shall be "scaled down sufficiently to give to each legatee a proportionate share of whatever amount there may be left for such purpose."

In item sixteenth certain real estate in Ohio is devised to the wife during her life, with power of disposition by will. Item seventeenth provides for the erection by the trustee of a suitable family monument.

Item eighteenth, to which our inquiry is especially directed, bequeaths "out of the rest and residue of my estate, over and above the legacies hereinbefore mentioned and the trusts hereinbefore created, the following sums of money to the personal friends, and old and faithful employees of the firm of Wood, Harmon & Co.," of which the testator was the senior member. Eighty-eight of these legatees then are named, with bequests ranging from $1,000 to $5,000. This item further provides: "And should the rest and residue of my estate prove insufficient to pay all the legacies mentioned in this item of my will in full, then I direct that the said legacies shall be scaled down sufficiently to give to each legatee under this item of my will a proportionate share of whatever amount there may be left of my estate for such purpose."

Item nineteenth of the will bequeaths to the trustee the residue of the estate, after payment in full of all legacies thereinbefore provided and the satisfaction of all trusts thereinbefore created, for the use and benefit of the J. G. Kellogg Sanatorium of Battle Creek, Mich.

Item twentieth expresses the desire of the testator that his executor shall extend all consistent leniency in settling his interest or holdings with the remaining members of his

firm, and with all firms, trusts, or corporations with which his firm may have business relations at his death.

Item twenty-first nominates and appoints the appellee as sole executor of the will and trustee thereunder. After empowering the trustee, in its discretion, to sell any and all real estate except that granted and devised specifically, this item continues: "And I do further authorize and empower my said executor and trustee to, in the exercise of its discretion, sell, transfer and deliver any securities, except such as are hereinbefore expressly limited, which I may hold and leave at the date of my death. * * *"

[1] The general rule undoubtedly is that legacies begin to draw interest one year after the death of the testator, at which time, in the absence of any provision in the will, they are presumed to be payable. 28 R. C. L. 353; 40 Cyc. 2094; Powell v. Drake, 19 D. C. 334; Budd v. Garrison, 45 Md. 418. But this rule has no application where the will, as a whole, interpreted in the light of the surrounding circumstances, discloses a different intent on the part of the testator. Thus, in Gunning's Estate, 234 Pa. 148, 83 A. 63, the testatrix expressed her view as to the value of certain real estate and deferred its sale until a good price could be obtained. Legacies were to be paid out of the proceeds of the sale of this real estate. The court observed that it was apparent that the testatrix knew that the legacies could not be paid until the real estate was sold, and that, since the sale was made as soon as a good price could be obtained, no interest was allowable.

In Estate of Boyce, 173 Wis. 575, 181 N. W. 735, the will provided for the conversion of real estate into cash, within such time as it could be done conveniently and advantageously, and for the payment of legacies out of the proceeds of the sale. The court ruled that the legacies were not due until the property was converted, and that the general rule that a legacy becomes payable one year after the testator's death, and bears interest from that time, was not applicable. The court said: "The provisions of the will and these surrounding circumstances are significant and decisive indications that she [testatrix] intended the legacies should not be due until sufficient property had been converted into cash, and such conversion was to be accomplished by the executors within such time as it could conveniently and advantageously be done."

In Parkhurst v. Ginn, 228 Mass. 159, 117 N. E. 202, Ann. Cas. 1918E, 982, it was ruled that interest is payable upon pecuniary legacies from the time when, by the terms of the will or the rules of law, they become due and ought to be paid, and that, inasmuch as the legacies in that case became due only upon the happening of the contingency that principal of the estate became available therefor, interest was not allowable prior to that time. The court ruled that the legatee is not entitled to interest prior to the time fixed in the will for the payment of the legacies, and that is the time when they become legally due, so as to be entitled to draw interest according to the legal rule in regard to interest.

In re Lewis, 210 Mo. App. 74, 240 S. W. 493, is authority for the rule that, in order to defeat interest, it is not necessary that the will specifically postpone payment of a legacy to some particular date; it being sufficient if, from all the terms and provisions of the will, it clearly can be seen that the legacy is not to be payable or due until some later date or contingency.

A review of other authorities would serve no useful purpose, for, as observed by Lord Hardwicke in Heath v. Perry, 3 Atk. 102: "Cases of this kind, how far a legatee, who is not entitled to the payment of his legacy immediately, shall have interest in the meantime, depend upon particular circumstances —some upon relationship, some upon the necessities of legatees, and most of them upon the particular penning of wills; and there is hardly one case that can be cited that is a precedent for another."

[2] Coming now to the "particular penning" of the will before us, we note that the instrument was executed within a few months of the testator's death. Presumably, therefore, the condition of the estate at that time did not differ materially from that at the testator's death. The first concern of the testator was his wife, to whom he left legacies aggregating $35,000, and for whom he provided a trust fund of $200,000. It is specifically provided that, before payment of any other legacies, the provisions for the wife and the debts of the estate, appearing to amount to more than $120,000, shall be satisfied and paid. "Then, out of the rest and residue" of the estate, legacies are to be paid numerous relatives and a close friend. That the testator knew the condition of his estate to be such as to make doubtful the payment in full of the bequests to relatives and the friend is apparent from the provision for the scaling down of those legacies if, "after the payment

in full of my debts and funeral expenses and the devises and bequests made to and for the use and benefit of my beloved wife," the rest and residue of the estate prove insufficient.

Evidently entertaining a doubt as to whether, in view of the provisions presently to be mentioned, interest would be allowable on these bequests to his wife, relatives, and friend, the testator further specifically provided for the payment of interest at the rate of 5 per centum per annum in the event the legacies were not paid "within the time given by law" for the settlement of the estate, again preferring the wife, "both as to principal and interest."

In item third the testator clearly makes known his belief that the prospective value of his estate will be much greater than its then value, for he in terms provides that the sale of his stock in certain development companies shall be deferred "until such time as an adequate price, as near as may be the par value thereof, can be obtained." It appears that, if all the property owned by the testator had been sold within a period of several years after his death, the proceeds of the sale would have been insufficient to satisfy more than the debts, the provisions for the widow, and about 50 per centum of the legacies to the relatives and friend. In other words, but for this provision deferring the sale of the stock, there would have been nothing with which to satisfy the deferred legacies. This provision deferring the sale discloses full appreciation on the part of the testator of the condition of his estate, and subsequent events have vindicated his judgment, for by deferring the sale of the stock the trustee now has in hand funds sufficient to pay all the legacies in item eighteenth and provide a substantial residuary fund.

It thus becomes apparent that the testator, not only knew that the legacies in item eighteenth could not be paid unless or until the stock was sold, but intended to provide and did provide that such payment should not be made until that time. There was no inadvertence in the failure of the testator to provide for the payment of interest on these deferred legacies, for his provision for the payment of interest on the legacies to his wife, relatives, and friend demonstrates that he had considered the question; and it may be added that this distinction by the testator is in harmony with the general provisions of the will and the intent there disclosed.

The payment of legacies under item eighteenth being deferred until the sale of the stock, and it appearing that there was no unreasonable delay in making such sale, interest was not allowable on those bequests. To allow interest would be to more than double bequests which, but for the delay, could not have been paid at all. And a still further inconsistency in the contention for interest on these deferred bequests is found in the fact that such interest would be at the legal rate of 6 per centum per annum, while the testator provided only 5 per centum for his wife, relatives, and friend.

The decree of the court below, disallowing interest, was right, and is affirmed, with costs.

Affirmed.