## WILL OF FORSTER.

*January 10—February 7, 1928.*

*Wills: Interest on specific legacies: When accrual commences: Estates requiring conversion into cash: Appeal: Error assigned but not argued.*

1. General bequests in a will draw interest from one year after the death of the testator, in the absence of a direction in the will to the contrary, but the will is to govern where it speaks on the subject; and the rule will not yield to doubtful inferences of a contrary intent spelled out of the condition of the estate, or doubtful indications in the will of an intention at variance with it. p. 60.
2. The corpus of an estate should not be swelled for the benefit of residuary legatees at the expense of specific legatees, or for remaindermen at the expense of life tenants. p. 63.
3. It was proper to allow interest on legacies under a will providing that the legacies be paid out of cash left in the hands of the executors, but, if there was not sufficient cash, then out of the proceeds of a forced sale of real estate, which was not to be sold within ten years after testator's death unless the sale was approved by his brother. p. 64.
4. Error assigned in a brief, but not argued, will not be considered on appeal. p. 64.

APPEAL from an order of the county court of Milwaukee county: M. S. SHERIDAN, Judge. *Affirmed.*

Upon the application of certain legatees under the will of George J. Forster, deceased, the county court held that certain legacies provided for by said will drew interest from one year after the death of the testator, from which order the residuary legatees appeal.

The will was executed August 30, 1912. The deceased died September 7, 1912. His will was admitted to probate November 11, 1912. Paragraph twelfth of the will reads as follows: "I give and bequeath to my beloved brother, Joseph Forster, the sum of ten thousand dollars." The thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth paragraphs of the will give and bequeath to other legatees identical amounts in practically the same language. The

testator made cash bequests aggregating $140,000. His personalty was less than $70,000. The bulk of his estate consisted of an undivided one-fourth interest in about 4,000 acres of land in Oregon, 1,585 acres in Florida, and a like interest in lands located in Michigan and in Wisconsin. It is apparent that before the pecuniary bequests made by his will could be paid, a considerable portion thereof would have to be realized from a sale of a portion of this land. His will contained this provision:

"I direct that the legacies given under numbers twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth be paid out of the cash left in the hands of my executors, and if not sufficient then out of the proceeds of the sales of any or all of my real estate wheresoever situated, but I direct that none of such real estate be sold at a forced sale for the payment of such legacies and that no sale shall be made of any of my said real estate for a term of ten years immediately after my death unless such sale is approved by my brother, Charles G. Forster, or by the then owner of the other undivided interest in said lands as being advantageous to my estate."

His brother, Charles G. Forster, and the Wisconsin Trust Company were nominated as executors of his will. It appears that cash was realized from a sale of these lands very slowly. The estate is not yet settled. On March 31, 1927, the guardian *ad litem* for certain minors and incompetents, legatees under the twelfth to the seventeenth paragraphs of said will, made application to the county court of Milwaukee county for an order requiring the executors to pay interest on said bequests from one year after the death of the testator. The court so ordered, and the residuary legatees bring this appeal.

For the appellants there were briefs by *Churchill, Bennett & Churchill* of Milwaukee, and oral argument by *W. H. Churchill.*

*Richard J. Hennessey* of Milwaukee, guardian *ad litem* and attorney for the respondents.

OWEN, J. It is a rule of general, if not universal, recognition that general bequests in a will draw interest from one year after the death of the testator "in the absence of a direction in the will controlling the general rule established by the courts, or other decisive indication in the instrument, interpreted in the light of the surrounding circumstances, of a different intention on the part of the testator. The will is to govern where it speaks upon the subject, and the time of payment may be accelerated or postponed at the will of the testator." *Wheeler v. Ruthven,* 74 N. Y. 428. This rule has received frequent recognition in this state. *Evans v. Foster,* 80 Wis. 509, 50 N. W. 410; *Will of Brandon,* 164 Wis. 387, 160 N. W. 177; *Will of Payne,* 171 Wis. 608, 177 N. W. 858; *Will of Barrett,* 173 Wis. 313, 181 N. W. 220; *Estate of Boyce,* 173 Wis. 575, 181 N. W. 735.

Appellants concede the rule as above stated, but contend that the will here in question, when considered in connection with the character of testator's estate, indicates an intention on the part of the testator to postpone the date from which interest shall be payable upon the bequests under consideration.

It was said in *Wheeler v. Ruthven,* 74 N. Y. 428, that "the rule does not yield to doubtful indications in the will of an intention of the testator at variance with it." In that case it appeared that the estate of the testatrix consisted solely of a residuary interest under the will of her father in a fund of about $30,000 to be vested in her upon the death of her mother. Her mother survived her for many years. She made numerous bequests. The will said nothing about interest. Nothing came into possession of her estate until her mother's death. The court held that under the peculiar circumstances of the case the legacies did not become due and payable until after the death of the life tenant, and that interest thereon did not commence to run until that time. This case was referred to in *Matter of Rutherfurd,* 196 N. Y. 311, 89 N. E. 820, in which case

the appellate division had held that interest upon certain bequests had been impliedly postponed by the terms of the will.   This conclusion was reached by the appellate division in reliance upon the *Wheeler Case*.   The court of appeals emphasized the fact that the *Wheeler Case* was designated, both at the opening and closing of the opinion, as one presenting the question under peculiar circumstances.   In the *Rutherfurd Case* it was held that the fact that a portion of the testator's estate, realization upon which was necessary in order to pay the bequest in question, was tied up in an indefinite trust, did not deprive the legatee of interest.   In that case it is said:

"Whether the assets of the estate have been fruitful or unproductive does not affect the right of the legatee.   He is in the same position as a creditor and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand."

After referring to the fact that it was within the power of the testator to postpone the payment of the legacy, the court proceeds to say:

"Where such postponement has not been found to be entirely clear, interest has not been denied upon legacies not paid within the time provided by the statute."

In *Petition of Spencer,* 16 R. I. 25, at p. 32 (12 Atl. 124), it is said:

"We are of the opinion that the pecuniary legatees are entitled to interest on their legacies after a year from the death of the testatrix, when they are subject to no contingency and no time for payment is specified.   This is the general rule, and should be followed in the absence of any clear indication of an intent that it should not be followed. We do not think the clause allowing the executors five years within which to settle the estate is such an indication.   It is permissive, not mandatory.   It declares that the executors shall *have,* not that they shall *take,* five years.   It seems to us that the reasonable construction is that it was designed, not to benefit the residuary at the expense of the pecuniary

legatees, but to enable the executors to take their time for the period allowed, in case the regular course of settlement would prove disadvantageous."

In *Short's Estate,* 87 N. J. Eq. 276, 99 Atl. 609, the testator made certain bequests. He directed in his will as follows: "And I direct that my property be sold within three or five years at any time which my executrix may deem best for the interest of my estate." It appears that the sale of his property was necessary in order to pay the legacies. It was contended that this circumstance amounted to a direction on the part of the testator to postpone the payment of the legacies. The court held otherwise, and in discussing the matter said:

"An examination of the adjudicated cases will, I think, fully disclose that the general rule for interest to commence to run on a general legacy at the end of a year after the decease of testator has been recognized and enforced in all cases in which it is not made clear by the provisions of the will that testator intended to the contrary, and a contrary intent will not be inferred either from provisions of a will giving the executors a longer period of time in which to make settlement of the estate or from provisions making a legacy payable out of securities which the executors are not required to call in within the year or even out of securities which cannot be called in within the year."

The supreme court of Vermont has said: "That pecuniary legacies draw interest after one year from the death of the testator, unless the will provides otherwise." *Woodward's Estate,* 78 Vt. 254, 62 Atl. 718. To the same effect is *Loring v. Massachusetts H. Soc.* 171 Mass. 401, 50 N. E. 936; *Fenton v. Hall,* 235 Ill. 552, 85 N. E. 936. See, also, cases cited in *Will of Brandon,* 164 Wis. 387, 160 N. W. 177. Interest on legacies is not allowed as a penalty for nonpayment on demand, or a default in payment, but as a part of or incident to the legacy itself. *Will of Brandon, supra; Will of Payne,* 171 Wis. 608, 177 N. W. 858.

It is apparent that if interest is not paid to the specific

legatees the residuary legatees. will become the beneficiaries thereof, and we know of no presumption that they rank superior to specific legatees in the consideration of the testator. The delay in making sale of the lands in this case was beneficial to no one but the residuary legatees. The corpus of the estate should not be swelled for the benefit of residuary at the expense of specific legatees any more than it should be for the benefit of remaindermen at the expense of life tenants. *Will of Leitsch,* 185 Wis. 257, 201 N. W. 284.

Speaking of this rule in *Davison v. Rake,* 45 N. J. Eq. 767, at p. 770 (18 Atl. 752), it is said:

"It was a rule designed for the advantage of the executor in the settlement of the estate, and, as said by Mr. Justice STORY, 'founded in the convenience of having a fixed period applicable to cases in general, which, if it operated injuriously upon some legatees, was beneficial to others, and reduced to a certainty what might otherwise be a fluctuating exercise of discretion in the executor or the court.' "

If this rule is to yield to doubtful inferences of a contrary intent of the testator spelled out of the condition of his estate, then the rule itself will gradually disappear, as in these days a great proportion of the estates consists of property which cannot be readily converted into cash for the payment of pecuniary legacies, and we agree with the New York court that the rule should not "yield to doubtful indications in the will of an intention of the testator at variance with it." *Wheeler v. Ruthven,* 74 N. Y. 428.

Counsel for appellants rely upon *Estate of Boyce,* 173 Wis. 575, 181 N. W. 735. That case certainly affords encouragement for counsel's contention. But it goes farther than any other decided case coming to our attention in construing an intention on the part of the testator to postpone the time of interest on pecuniary legacies by reason of the status of the estate. A general application of the doctrine of that case would soon give rise to the confusion

and uncertainty which the rule was designed to prevent. We think it should not be extended beyond its facts. We are of the opinion that the judgment of the county court should be affirmed.

It appears that partial payments have been made on these legacies from time to time during the probate of the estate. The court ordered that such payments be first applied on interest due, the balance to be applied on the principal of said legacies, and that interest should be computed thereafter on the balance so remaining. The appellants assign this as error in the brief, but have not argued it. We therefore do not consider it.

*By the Court.*—Order affirmed.