Estate of Hoehnen : Bretz, Executor, Appellant, vs.
Woehrl and another, Respondents.

*January 18—February 13, 1940.*

For the appellant the cause was submitted on the brief of
*Michael Levin* of Milwaukee.

*Max J. Leutermann* of Milwaukee, for the respondents.

FRITZ, J. By her will, Maggie Hoehnen, after making minor bequests totaling $800, bequeathed general legacies of $2,000 to Loretta Evans, $3,000 to Mary Woehrl, and $3,000 to Frank Woehrl, and gave the residue of her estate to two nephews. The estate, as inventoried and appraised at $16,192.28, consisted of two parcels of real estate with duplex flats appraised respectively at $6,000 subject to a $2,000 mortgage, and $6,500 subject to a $1,200 mortgage; two real-estate bonds for $750 each; and other personal property and money which netted $2,292.62 in cash. The appraised net value of the estate, after deducting debts and funeral and administration expenses, was $2,500 in excess of the minor bequests and general legacies. There was no provision in the will in respect to the time within which the real estate was to be converted into money to pay legacies, or as to when they were to be paid, or whether the payment thereof could be deferred by the executors beyond the customary period of one year.

The executors recognize the general rule that in the absence of an indication in the will of an intention to the contrary, the legacies, if unpaid, bear interest from one year after the death of the testator. But the executors contend that they have been unable to convert the real estate into cash; and that because over ninety per cent of the entire estate is unconvertible real estate subject to precedent incumbrances and the unpaid legacies are equivalent to the remaining value of the real estate, the will discloses an intent not to charge interest on the legacies, and there should be an exception to the general rule requiring the payment of interest on legacies after the end of the first year. These contentions cannot be sustained. The mere existence of circumstances or conditions which prevent advantageous conversion of property in time to pay legacies within the year required by the general rule does not afford sufficient basis for holding that payment may be deferred unless there is some provi-

sion in the will which discloses an intent on the part of the testator to permit such delay and that by reason thereof the executor can be deemed authorized to defer the conversion until it can be done more advantageously to the estate. Neither the provisions of the will nor the circumstances relied upon in the case at bar as basis for holding that the payment may be postponed are as favorable to such a conclusion as were provisions and the circumstances relied upon in the *Will of Forster*, 195 Wis. 58, 60, 62, 63, 217 N. W. 740. In that case the general legacies aggregated $140,000. The testator's personalty was less than $70,000. His estate consisted largely of fractional interests in acreage in timber lands in four states. The will provided that the legacies were to be paid out of cash left on hand and if insufficient out of proceeds of sales of land, but none was to be sold at forced sales or within ten years after testator's death, excepting with the approval of a brother or the then owners of undivided interests therein, and that the sales were advantageous to the estate. Cash was realized very slowly from the sale of the lands, and the legacies had not been paid when, fourteen years after the testator's death, application was made on behalf of legatees for an order requiring the executors to pay interest on the legacies from one year after the death of the testator. The court so ordered, and the residuary legatees appealed. The appellants contended that the will "when considered in connection with the character of the testator's estate, indicates an intention on the part of the testator to postpone the date from which interest shall be payable upon the bequests under consideration." In affirming the order this court, in addition to approving the reasons stated in quotations from several cases, stated,—

"It is apparent that if interest is not paid to the specific legatees the residuary legatees will become the beneficiaries thereof, and we know of no presumption that they rank superior to specific legatees in the consideration of the testa-

tor. The delay in making sale of the lands in this case was beneficial to no one but the residuary legatees. The corpus of the estate should not be swelled for the benefit of residuary at the expense of specific legatees any more than it should be for the benefit of remaindermen at the expense of life tenants. *Will of Leitsch,* 185 Wis. 257, 201 N. W. 284."

"If this rule is to yield to doubtful inferences of a contrary intent of the testator spelled out of the condition of his estate, then the rule itself will gradually disappear, as in these days a great proportion of the estates consists of property which cannot be readily converted into cash for the payment of pecuniary legacies, and we agree with the New York court that the rule should not 'yield to doubtful indications in the will of an intention of the testator at variance with it.' *Wheeler v. Ruthven,* 74 N. Y. 428."

It follows that the order under review must be affirmed. *By the Court.*—Order affirmed.