Margaret C. Wheeler, Individually and as Executrix, etc., Appellant, *v.* James A. Ruthven, as Executor, etc., et al., Respondents.

The rule that a legacy is payable one year after the testator's death, and bears interest from that time, only applies in the absence of a direction in the will, or other decisive indication therein which, interpreted in the light of the surrounding circumstances, shows a different intention on the part of the testator.

C. died in 1863, leaving a will by which she gave twenty-one general legacies. She directed that in case her estate was insufficient to pay all, the first fifteen legacies should be first paid, and the balance, if any, applied *pro rata* to the payment of the remaining legacies. The sole estate of the testatrix was a residuary interest in certain real and personal estate, in which her mother had a life interest. The mother survived the testatrix and died in 1874, at which time the first fifteen legacies, with interest added from one year from the death of the testatrix, amounted to more than the whole estate of C. *Held,* that the circumstances fairly lead to the inference that the testatrix intended the legacies to be paid when by the death of the life tenant her estate should vest in possession; and that they only bore interest from that time.

(Argued September 16, 1878; decided September 24, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a decree of the surrogate of the county of New York, upon settlement of the accounts of the executors of the will of Catharine Ruthven, deceased. (Reported below, 13 Hun, 530.)

The facts appear sufficiently in the opinion.

*J. Edgar,* for appellant. The property of the testatrix being derived by legacy in her father's will became vested in her at and from the time of his death. (*Birdsall* v. *Hewlitt,* 1 Paige, 32.) Interest on each legacy should run from the time it became due and payable, viz.: At and from the expiration of one year from the death of the testatrix. (*Williamson* v. *Williamson,* 6 Paige, 300; Dayton on Surrogate, 465; Williams on Executors [5th ed.], 1284–1286; Willard on Executors, 355–390; Roper on Legacies, 2 vol., 1251; *Hepburn* v. *Hepburn,* 2 Brad., 74; *Lawrence* v. *Imbree,* 3 id., 364; *Bradner* v. *Faulkner,* 12 N. Y., 472; *Campbell* v. *Coudrey,* 31 How., 172.) A residuary legatee can never call upon a particular general legatee to abate in anything. (Wms. on Exrs. [5th ed.], 1223.)

*Charles Edward Souther,* for respondent. No interest accrues on a legacy until it becomes by law the duty of the

executor to pay the legacy. (*Marsh* v. *Hagen*, 1 Edw's. Ch., 174; *Morris* v. *Kent*, 2 id., 175; *Bradner* v. *Faulkner*, 12 N. Y., 472; *Campbell* v. *Cowdrey*, 31 How. Pr., 180; Redfield's Law and Practice, Surrogate's Court, p. 343; *Birdsall* v. *Hewlett*, 1 Paige Ch. R., 32; *Glen* v. *Fisher*, 6 John. Ch., 33; *Dodge* v. *Manning*, 1 Const., 298; *Loder* v. *Hatfield*, 4 Hun.) When an action is necessary to realize assets the legatee is not entitled to interest. (*Crocheron* v. *Jaques*, 3 Edw. Ch., 207.)

ANDREWS, J. This case involves the consideration of the rule governing the right to interest on legacies, and the question is presented under peculiar circumstances. The testatrix, an unmarried woman, died October 28, 1862, leaving a will dated August 20, 1862, by which she gave twenty-one general legacies, amounting in the aggregate to $31,500, and directed that in case her real and pesonal estate was insufficient to pay all the legacies, the first fifteen legacies, (amounting together to $28,500), should be first paid, and that the balance of her estate if any, should be applied to the payment, *pro rata*, of the six remaining legacies. The niece of the testatrix, who was also one of the fifteen legatees first named to whom general legacies were given, was made residuary legatee. The estate of the testatrix consisted solely of a residuary interest under the will of her father in a fund of about $30,000, and in the undivided half of a house and lot, in the city of New York, in which his widow the mother of the testatrix, was by the same will given a life interest. The mother survived the testatrix, and died in 1874, and the executors of her daughter then came into possession of the residuary estate. The appellant is one of the fifteen legatees first named in the will, and on the accounting by the executor before the surrogate in 1877 claimed that she was entitled to a decree for the payment of her legacy, with interest thereon from the expiration of one year after the death of the testatrix,— that is to say, from October 28, 1863. The surrogate

rejected this claim and decided that the legacies were not payable until the death of the life tenant, and that interest thereon did not commence to run until the happening of that event.

The general rule is well settled that where a general legacy is given without assigning any time for payment, it bears interest from the expiration of a year after the death of the testator. This rule has been established for convenience and is founded upon the presumption that within that time the executor will have been enabled to ascertain the condition of the estate, to collect the assets, and be prepared to pay the legacies. The rule says Lord REDESDALE in *Pearson* v. *Pearson* (1 Schoale & Lefroy, 10), is taken from the practice of the ecclesiastical courts, where a year is given to the executor to collect the effects, and he cannot be called upon to pay before because he cannot know until that time what fund there is to pay. It is founded says Lord ELDON, in *Sitwell* v. *Bernard* (6 Ves., 539), upon convenience "because as a general rule it may be taken, that the personal estate may be collected within a year."

It is a legitimate consequence of an omission by the executor to pay a legacy when payment is due, that the legacy should bear interest from that time, as a compensation for the delay; and therefore the time when the legacy is payable determines the time from which interest commences. (Roper on Legacies, 1245.) The rule that a legacy is payable one year after the testator's death only applies in the absence of a direction in the will controlling the general rule established by the courts, or other decisive indication in the instrument, interpretedinthe light of the surrounding circumstances of a different intention on the part of the testator. The will is to govern where it speaks upon the subject, and the time of payment may be accelerated or postponed at the will of the testator. But the rule does not yield to doubtful indications in the will of an intention of the testator at variance with it. As where a legacy is given, payable out of money due on a mortgage "when recovered," the legacy will be deemed to

be payable after the lapse of a year, and will bear interest from that time, and the right to interest will not be postponed, in case the executor has not meanwhile been able to collect the security. (*Wood* v. *Penoyre*, 13 Ves., 326.) A legacy, according to the general rule, will be payable and bear interest after a year from the testator's death, although by reason of the deficiency of assets, the inability of the executor to collect the debts, or other accidental circumstances, payment at that time may be impracticable. (*Wood* v. *Penoyre; Sitwell* v. *Bernard;* Williams on Executors, 1285.)

The question we are to decide is whether the legacies in this case are to be deemed due and payable at the end of the year from the testatrix's death, so as to bear interest from that time, according to general rule, or are they taken out of the general principle by the will and the surrounding circumstances. If the legacies are deemed to be due and to bear interest after a year, and the interest, as well as the principal of the preferred legacies, is to be first paid, nothing will be left with which to pay the six remaining legacies, as the whole estate will be absorbed in the prior payments. It would be a question worthy of consideration, assuming that the legacies became due at the end of the year, whether the priority given by the will to the first fifteen legacies attaches to the interest which should accrue by delay of payment, and whether the subsequent legatees would not be entitled to be paid the principal of their legacies before applying the estate to satisfy the accrued interest on the primary legacies. But we do not deem it necessary to decide this point, for the reason that the decree of the surrogate may be affirmed on the ground that the legacies did not become payable so as to bear interest until the falling in of the life estate of the testatrix's mother. The will does not in terms refer to the time when the legacies are payable, or direct that they shall be paid with interest. It must be assumed that the testatrix understood the condition of her property, and that until the death of her mother, she or her representatives could have no

beneficial enjoyment of her estate, and that meanwhile the life tenant was entitled to the possession and the whole income. When the life estate would terminate was uncertain. It might terminate within a year after the death of the testatrix, or continue, as in fact it did, for several years after that period. There was no fund out of which the legacies could be paid during the lifetime of the mother. The very nature and character of the estate of the testatrix prevented earlier payment. No want of diligence on the part of the executor in getting in the assets, or any resistance on the part of debtors, could have any influence in delaying payment, so long as the life estate was outstanding. The mother surviving the daughter, there was no basis for the presumption on which the rule that a legacy is payable within a year after the testator's death is founded. It was impossible that the executor could get in the assets within a year, unless the mother should happen to die within that time, and there was no ground for the presumption of her death at any particular period.

The circumstances of the case fairly lead to the inference that the testatrix designed and intended that the legacies should be paid when, by the death of her mother, her estate should vest in possession, and that she did not intend that the legacies should draw interest during the pendency of the life estate, while her estate was earning no interest, and when an allowance of interest might result in depriving a part of her legatees of any benefit under the will.

We have been referred to no authority bearing directly upon the question in this case. The general rule established by the courts in respect to interest on legacies has been modified to meet the supposed intention of the testator, as in case of a legacy given to a child by way of maintenance. The case, as was stated in the outset, is a peculiar one, and we proceed in deciding it upon its special circumstances. All the parties waited until the death of the life tenant before making any claim upon the executor, and as the fund only became available at that time, we think, under the circum-

stances of this case, the legacies are to be considered as then becoming due and payable.

The judgment should be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.