Barnard, P. J.
The case of Bradner v. Faulkner, 12 N. Y., 472, is a direct authority upon the ^question presented by this appeal. By the common law, one year after the death of a testator was given in which the executor collected the assets, and a legacy was not, in the absence of expressed direction, payable sooner. It was the uniform practice to allow interest only after the legacy was payable. The Revised Statutes changed the rule so that legacies could only be paid one year after the granting of letters testamentary. 2 R. S., 90, § 43.
The court of appeals, in Bradner v. Faulkner, held that the legacy in that case did not draw interest from the death of the testator, but from and after one year from the granting of letters testamentary.
In the case of Cooke v. Meeker, 36 N. Y., 15, the court of appeals held the same way. There is no conflict between the opinions of the court The judgment was that interest be allowed from one year from the. granting of letters testamentary, and that was affirmed by the court of appeals. It is true that one of the judges stated that the statute was an affirmance of the common law, and did not change the rule as to interest; but this remark evidently had reference only to the facts of that case. What was apparently intended seems to be that the statute did not give interest from *713 the death of testator, but from and after the expiration of a year from the granting of letters testamentary.
The question presented in the case of Wheeler v. Ruthven, 74 N. Y., 428, was whether the legacies were due until the end of a life ■estate. The court, in the' opinion, speaks of a legacy being due at the end of a year from the death of testator, as if the statute so read. The statute was entirely unimportant in the case. The question was whether the legacies were “due and payable at the end of the year from testatrix’ death, so as to bear interest from that time, according to general rule.”
In the case of Thorn v. Garner, 113 N. Y., 198; 22 N. Y. State Rep., 692, the court of appeals again had the question pf interest upon legacies under consideration. The question was -whether interest was payable from the death or from the expiration of one year from the granting of letters testamentary. The rule that interest is only to be charged from the end of one year from the granting of letters testamentary is again re-stated in Van Rensselaer v. Van Rensselaer, 113 N. Y., 207; 22 N. Y. State Rep., 947. The general rule is that interest can only be charged from the date when the legacy is due, and the statute controls that; and now the cases based upon a rule which once existed .and is now destroyed by statute have no importance in hostility to the general rule. The effect of the statute is to make due a legacy one year from the issuing of letters, and not in one year from the death of the testator.
The judgment should be affirmed, with costs.
Dykman and Pratt, JJ., concur.