### In re RUTHERFURD.

(Supreme Court, Appellate Division, First Department. June 18, 1909.)

WILLS (§ 734*)—LEGACIES—PAYMENT—INTEREST.

Where the balance of a preferred legacy could not be paid within a year after the issuance of letters testamentary because testatrix's interest in the property required for that purpose was not available until after the death of the life tenant who survived testatrix, the legatee on receiving such balance after the death of the life tenant was not entitled to interest during the delay.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1847–1872; Dec. Dig. § 734.*]

Appeal from Surrogate's Court, New York County.

Judicial settlement of the estate of Anne Morris Stout, deceased, in which William Walton Rutherfurd, as administrator of Isabella Rutherfurd, deceased, applied for the compulsory payment of interest

on a legacy. From a surrogate's order directing the payment of interest on the legacy after a year from the issuance of letters testamentary, J. Herbert Carpenter, as executor, appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

John S. Davenport, for appellant.

Charles L. Craig, for respondent.

SCOTT, J. This is an appeal by the executor of the will of Anne Morris Stout, deceased, from an order of the surrogate directing payment to the administrator of Isabella Rutherfurd of interest upon a legacy.

Anne Morris Stout died on June 2, 1900, leaving a last will and testament and a codicil thereto. By her will she gave legacies as follows: To Caroline B. Sutliff $12,000, to J. Herbert Carpenter $10,000, to Caroline B. Sutliff $5,000, and to Isabella Rutherfurd $25,000. She directed that each legacy was to be paid in full before paying any subsequently named legatee, so that said legacies were not to abate as between themselves. The provisions of the codicil are not material to the question involved in this appeal. The amount of the estate of the testatrix in possession at the time of her death amounted to only enough to pay the legacies to Sutliff and Carpenter, and $9,635.17 on account of the legacy to Isabella Rutherfurd, leaving $15,365.83 of that legacy unpaid. Mrs. Stout also had, at the time of her death, an expectant estate in one-third of the estate left by her husband, and amounting to a considerable sum, her right to receive which would not accrue until the death of her daughter, and then only if said daughter should die childless. Mrs. Stout was the trustee of her husband's estate, and must therefore be presumed to have been cognizant of its extent, and of her expectant interest therein, and of the contingency upon which it rested. The daughter died in April, 1904, and in July of that year her executor paid to respondent, the administrator of Isabella Rutherfurd, deceased, the balance of the principal of the legacy given to his intestate. The order appealed from directs payment of interest upon this balance from the date of its payment, under the general rule that, when a legacy is given without the assignment of any time for payment, it is payable one year after the issue of letters, and, if not then paid, bears interest from that time. The present case, however, furnishes an exception to the rule. Wheeler v. Ruthven, 74 N. Y. 428, 30 Am. Rep. 315. The essential facts in the case cited are so nearly identical with the case at bar that it furnishes an exact authority upon the subject, and the reasoning by which the conclusion of the court is reached is applicable here. The testatrix gave 21 legacies, of which 15 were given a preference in payment over the others. Her estate consisted of a residuary interest in certain property in which her mother had a life estate. The mother survived her daughter, and the question was whether the legatees to whom a preference in payment was given were entitled to interest on their legacies before the deferred legacies were paid. The court held that the circumstances of the case fairly led to the inference that the testatrix designed and intended that the legacies should be paid when, by the death of her mother, her estate

should vest in possession, and that she did not intend that the legacies should draw interest during the pendency of the life estate, while her estate was earning no income. Upon this subject the court said:

"The will does not in terms refer to the time when the legacies are payable, or direct that they shall be paid with interest. It must be assumed that the testatrix understood the condition of her property, and that until the death of her mother she or her representatives could have no beneficial enjoyment of her estate, and that meanwhile the life tenant was entitled to the possession and the whole income. When the life estate would terminate was uncertain. It might terminate within a year after the death of the testatrix, or continue, as in fact it did, for several years after that period. There was no fund out of which the legacies could be paid during the lifetime of the mother. The very nature and character of the estate of the testatrix prevented earlier payment. No want of diligence on the part of the executor in getting in the assets or any resistance on the part of debtors could have any influence in delaying payment so long as the life estate was outstanding. The mother surviving the daughter, there was no basis for the presumption on which the rule that a legacy is payable within a year after the testator's death is founded. It was impossible that the executor could get in the assets within a year, unless the mother should happen to die within that time, and there was no ground for the presumption of her death at any particular period."

This reasoning applies precisely to the present case. In Matter of Erving's Estate, 103 App. Div. 500, 92 N. Y. Supp. 1109, in which interest on legacies was allowed, a different state of affairs existed. The estate out of which the legacies was to be paid belonged to and was vested in the testatrix when she died, and the delay in payment resulted from the difficulties the executor found in making collections.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the application denied. All concur.