In the Matter of the Application of WILLIAM W. RUTHER-FURD, as Administrator of the Estate of ISABELLA RUTHER-FURD, Deceased, Appellant.

J. HERBERT CARPENTER, as Executor of ANNE M. STOUT, Deceased, Respondent.

**Will — payment of legacies — intention to postpone must be found in will itself — interest on postponed legacy.**

If payment of a legacy is to be postponed beyond the time provided by statute, the intention of the testator so to postpone such payment must be found in the will itself when interpreted in connection with the circumstances surrounding the testator at the time of making his will. A legatee is in the same position as a creditor and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand.

Where a testatrix, apart from a contingent expectant interest, had an estate of substantial amount from which a portion of the legacies given by her were paid, and there is nothing in her will to indicate an intention to postpone the payment of a legacy or to deprive a legatee of interest thereon, the latter is entitled to interest after the expiration of one year from the granting of letters testamentary.   *Wheeler* v. *Ruthven*, 74 N. Y. 428, distinguished.

*Matter of Rutherfurd*, 133 App. Div. 89, reversed

(Argued October 7, 1909; decided November 9, 1909.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 18, 1909, which reversed an order of the New York County Surrogate's Court granting an application for the payment of interest upon a certain legacy.

Anne Morris Stout died July 2, 1900, leaving a will dated February 13, 1896, by which she gave four general legacies to the persons and for the amounts as follows : Caroline Barnard Sutliff, $12,000 ; J. Herbert Carpenter, $10,000 ; Caroline Barnard Sutliff, $5,000 ; Isabella Rutherfurd, $25,000. In her will she said : " I give and bequeath and direct my executor to pay the following legacies to the following named persons (those above named) each legacy to be paid in full before paying any subsequent named legatee so that the said legacies are not to abate as between themselves." She further said : "All legacies given by this will are payable out of both real and personal estate. The transfer tax on all said legacies is to be paid by my executor if there shall be a surplus of my estate after paying said legacies in full free of transfer tax."

She gave all the rest, residue and remainder of her estate to her daughter, Sarah Morris de Vagrigneuse, and appointed said J. Herbert Carpenter her executor. On the 12th day of May, 1899, she made a codicil to her will by which she ratified, confirmed and republished it as changed and modified by the codicil and by the codicil she gave and bequeathed to the rector, church wardens and vestry of Grace Church in the city of New York ten thousand dollars and said that it was her " desire that this fund should be designated the 'Stout Memorial in Memory of Francis Aquilla Stout' and the income from said fund applied to the use of the Home for Deaconnesses connected with Grace Church."

In said codicil she also said : " I direct my executor to pay the legacy specified in the first clause of this codicil (the legacy to Grace Church) from funds remaining in his hands after the payment by him of the legacies specified in my said will." By such codicil she gave, devised and bequeathed the rest,

residue and remainder of her estate to said J. Herbert Carpenter in case her daughter should not survive her.

At the time of making said will and said codicil and at the time of her death said Anne Morris Stout was the owner of one-third of the principal of a trust fund held by her and subsequently by her and another as trustees under the will of her late husband, subject, however, to the contingency of her daughter leaving a descendant, and also subject to said fund being held in said trust and the income therefrom paid as provided by the will of her late husband to herself and her daughter and the survivor of them. The daughter of the testatrix at the time of making said will was fifty-nine years of age, a widow and childless. Her said daughter died without leaving a descendant April 22, 1904, leaving a will which has been duly probated, in and by which she gave certain general legacies, and all the rest, residue and remainder of her estate to said J. Herbert Carpenter.

From the estate of said Anne Morris Stout her executor paid the two legacies to Caroline Barnard Sutliff aggregating $17,000, the legacy to J. Herbert Carpenter of $10,000, and on account of the legacy of said Isabella Rutherfurd $9,635.17. The payments so made, together with the expenses of administration and the commissions of the executor, consumed all of the estate of said Anne Morris Stout other than her said interest in the principal of said trust fund. Said trust fund amounted to over $388,000 of personal and about $33,000 of real property. The said Isabella Rutherfurd died July 30, 1903, and the petitioner herein was duly appointed administrator of her goods, chattels and credits. After the death of said Sarah Morris de Vagrigneuse the petitioner was paid $15,365.83, being an amount sufficient with said former payment to aggregate $25,000, the amount of the principal of said legacy, and as there was a difference of opinion about the petitioner being entitled to interest on said legacy, the question was reserved for further consideration. This application was made to compel the executor of Anne Morris Stout to pay said interest. An order was made directing the payment

of said interest, amounting to $3,664.98, from which order an appeal was taken to the Appellate Division, where said order was reversed and the application was denied, from which order of reversal and denial an appeal is taken to this court.

*Charles L. Craig* for appellant. The circumstances of this case are not sufficient to take it out of the general rule that interest is payable after one year. (*Wheeler* v. *Ruthven,* 74 N. Y. 428; *Matter of Martin,* 106 App. Div. 50; *Matter of Erving,* 103 App. Div. 500.)

*John S. Davenport* for respondent. The testatrix, in making her will, must have had it in mind that there was a strong probability that there would not be enough in her estate to pay the legacies at the end of the year fixed by the statute. Interest was, therefore, not payable on the legacy in suit. (*Dodge* v. *Manning,* 1 N. Y. 298; *Thorn* v. *Garner,* 113 N. Y. 198.)

CHASE, J. No legacy shall be paid by an executor or administrator until after the expiration of one year from the time of granting letters testamentary or of administration unless directed by the will to be sooner paid. After the expiration of one year the executors or administrators must discharge the specific legacies bequeathed by the will and pay the general legacies if there be assets. (Code of Civil Procedure, section 2721.) Interest begins to run upon a legacy from the time when it is payable. The Revised Statutes (2 R. S. 90, secs. 43–45) from which the Code provisions were taken, changed the common-law rule by which legacies commenced to draw interest from a day one year after the death of the testator so that interest does not now commence to run until the expiration of one year from the time of granting letters testamentary. The effect of the statute was stated and authoritatively determined by this court in *Matter of McGowan* (124 N. Y. 526). A testator is always at liberty

to direct in his will the time when a general legacy given by him shall be paid. Notwithstanding the statute, therefore, the time when a legacy shall be paid may be accelerated or postponed at the wish of the testator. It has been said by this court that the general rule in regard to the time when a legacy is payable does not yield to doubtful indications in the will of an intention of the testator at variance with the statute. (*Wheeler* v. *Ruthven*, 74 N. Y. 428.) There are exceptions to the general rule in regard to the payment of a legacy, and in certain cases it will be presumed that the testator intended to authorize the payment of a legacy without waiting as provided by statute. (*Thorn* v. *Garner*, 113 N. Y. 198.) The exceptions are confined to cases where by reason of the purpose of the gift it is presumed that the testator intended that it be payable immediately upon his death. It is never presumed that a testator intended that the time of payment of a legacy should be postponed beyond one year after granting letters testamentary. The presumption except as stated is that the well-known and established rule in regard to the time of payment of a legacy or of interest thereon shall control. If payment of a legacy is to be postponed beyond the time provided by statute, the intention of the testator so to postpone such payment must be found in the will itself when interpreted in connection with the circumstances surrounding the testator at the time of making his will.

Whether the assets of the estate have been fruitful or unproductive does not affect the right of the legatee. He is in the same position as a creditor and entitled to be awarded interest at the legal rate for such time as he is kept out of his demand. (*Matter of Oakes*, 19 App. Div. 192; *Hoffman* v. *Pennsylvania Hospital*, 1 Dem. 118; *Matter of Frankenheimer*, 195 N. Y. 346.)

The testratrix by the will now under consideration does not expressly postpone the payment of any or all of the legacies given by her and we do not find any clear or other indication in the will of an intention to postpone the payment

of such legacies or to deprive the legatees of interest from one year after letters testamentary were issued in case the same were not then fully paid.  In cases where interest has been refused upon a legacy although not paid within one year after letters testamentary have been issued, it has been held that it was clear from the will that such legacy should not . become payable until a later date. (*Dodge* v. *Manning*, 1 N. Y. 298; *Wells* v. *Disbrow*, 48 N. Y. S. R. 746; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207; *Wheeler* v. *Ruthven*, *supra*.)

Where such postponement has not been found to be entirely clear, interest has not been denied upon legacies not paid within the time provided by the statute.  (*Matter of Erving*, 103 App. Div. 500.)

It appears from the opinion of the Appellate Division that they deemed the *Wheeler* v. *Ruthven* case controlling upon them.  A special reference to that case is, therefore, necessary In that case this court in commencing the opinion say, " The question is presented under peculiar circumstances," and in closing the opinion it is said, " The case, as was stated in the outset, is a peculiar one, and we proceed in deciding it upon its special circumstances."  It asserts the rule in regard to the time when general legacies are payable now established ´ by statute, and says that such rule applies in the absence of a direction in the will controlling the general rule established by the courts or other decisive indication in the instrument interpreted in the light of the surrounding circumstances of a different intention on the part of the testator.  Among the peculiar circumstances in that case was the fact that the testatrix did not have any estate other than a residuary interest under the will of her father in a fund in which her mother had a life interest.  The court say that it must be assumed that the testatrix understood the condition of her property, and that until the death of her mother she or her representative could not have any beneficial enjoyment of her estate, and that meanwhile the life tenant was entitled to the possession and the whole income.  It also appeared that

the testatrix gave twenty-one general legacies, fifteen of which were preferred in payment, and that all of the legacies given by her amounted to a sum substantially equal to the amount of her residuary interest in the estate of her father when the same should come into the possession of her executor, and that in case interest was paid upon the fifteen legacies from one year after letters testamentary were issued, it would result in depriving the other six legatees from any payment on account of their legacies. This was held not to be the intention of the testatrix.

In the case now before us, the testatrix had, apart from her contingent expectant interest in the estate of her husband, an estate of substantial amount from which a portion of the legacies were paid, and there is nothing in the will to indicate an intention that some of the legacies should be payable at one time and some at another, or that the legacies should become due and payable by the executor as he received the assets of the estate.

This case is not controlled by *Wheeler* v. *Ruthven*, and there is nothing in the will of the testatrix, construed in connection with the circumstances surrounding the testatrix at the time of her death, from which it can be said that she intended that the legacy to Isabella Rutherfurd should be materially reduced in comparison with the others by postponing the time of its payment, or that the testatrix intended to change the general rule in regard to the time when the legacies provided by her will should be payable.

The order of the Appellate Division should be reversed and decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division.

CULLEN, Ch. J., EDWARD T. BARTLETT, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order reversed, etc.