In the Matter of the Estate of JOHN STEWART, Deceased.

Surrogate's Court, New York County, March, 1922.

Legacies — general legacies bear interest from one year after issuance of letters — wish expressed in will that estate be settled within three years does not change general rule.

The rule that general legacies bear interest from one year after issuance of letters testamentary does not yield to doubtful indications of an intention on the part of testator at variance with the statute.

Testator in the same clause of his will by which he *directed* that certain general legacies of $2,000 each and under be paid as soon after his death as there were sufficient funds in the hands of his executors to pay the same either in full or in equal proportions, expressed the *wish* that his estate be settled within three years, and as soon as in the judgment of the executors it could be conveniently and wisely done. There were five legacies of less than $2,000 each. The other general legatees were testator's sister, brother and nephew, whose legacies aggregated $120,000, and a sister-in-law of the defendant, the Manhattan Eye, Ear and Throat Hospital of New York and the Board of Ministerial Relief, Presbyterian Church, whose legacies totaled $24,000. The general legacies amounted to $150,000. All of the heirs at law and next of kin of testator were in the class of legatees who were given legacies of more than $2,000. The residuary estate, amounting to more than $60,000, was given to the Board of Foreign Missions and Board of Home Missions of the Presbyterian Church. The will disclosed no intention to favor the religious bodies at the expense of the blood relatives, and the executors made no claim that the condition or circumstances of the estate required longer than the one year period for settlement. *Held*, that the will, the language of which is doubtful, must be construed to mean that it was not the intention of testator to increase the residuary estate at the expense of his relatives; the general legacies, therefore, bear interest from one year after the grant of letters testamentary.

PROCEEDING for construction of a will.

*Daniel Burke* (*Thomas Gregory* and *James A. Thompson*, of counsel), for general legatees.

*Parsons, Closson & McIlvaine* (*William E. Carnochan*, of counsel), for Board of Home Missions of the Presbyterian Church.

*John T. Hancock*, for executors.

Cohalan, S. The question is whether the will directs a departure from the ordinary rule that general legacies bear interest from one year after issuance of letters. The article of the will that is pertinent provides as follows:

" *Sixth*, I direct that all of the foregoing legacies of two thousand dollars ($2,000) and under be paid as soon after my death as there are funds in the hands of my Executors sufficient to pay the same either in full or in equal proportions or percentages. And it is my wish that my estate be closed up and settled within three years from the date of my death, and as soon as it can be conveniently and wisely done in the judgment of my Executors."

There are five legacies of less than $2,000. The other general legatees are testator's sister, nephew and brother, whose legacies aggregate $120,000, and a sister-in-law of the decedent, the Manhattan Eye, Ear and Throat Hospital of New York and the Board of Ministerial Relief, Presbyterian Church, whose legacies total $24,000. The general legacies amount to $150,000.

All of the heirs at law and next of kin of testator are in the class of legatees who were given legacies of more than $2,000. The residuary estate, amounting to more than $60,000, goes to the Board of Foreign Missions and Board of Home Missions of the Presbyterian Church.

Letters testamentary were issued August 14, 1918. Notice to creditors was published. The time fixed for presentation of claims expired March 14, 1919. The general legacies have been paid in installments, without interest. The last payment was in November, 1920, more than two years after the issuance of letters.

The executors state in their account that they are advised that they were entitled to a period of three years from the date of decedent's death to pay all legacies and close up the estate, subject only to the provision as to the legacies under $2,000. Certain of the general legatees, however, objected to being deprived of all interest on their legacies for the benefit of the residuary legatees, and caused the executors to present the question for construction in this proceeding. One of the residuary legatees contends that under the language of the will the legacies of more than $2,000 are not due or payable until three years after testator's death, and, consequently, draw no interest, as they were paid within that period. The relatives of testator insist upon payment of interest on their legacies from August 14, 1919, one year after issuance of letters, according to the usual rule. *Matter of McGowan*, 124 N. Y. 526; *Matter of Brooklyn Trust Co.*, 179 App. Div. 262.

The intention to take the case out of the general rule must be clear. The general rule " does not yield to doubtful indications

in the will of an intention of the testator at variance with the statute." *Matter of Rutherfurd*, 196 N. Y. 311; *Wheeler* v. *Ruthven*, 74 id. 428. The 6th paragraph of the will above quoted is said to show such an intention.

In this clause of the will there is a contrast between the clearness of the mandatory direction for early payment of the smaller legacies and the indefiniteness of the statement relied upon to warrant the deferring of payment of the larger legacies to the relatives. This seems to indicate that if the testator intended the payment of the other general legacies to be postponed until three years after his death, he would have said so in language that would not require judicial interpretation. In the former case he said, " I direct; " in the latter, " it is my wish." Having had occasion to order payment of some legacies at a period earlier than the law required their payment, it is only fair to assume that if he had in mind taking from his blood relatives the interest that ordinarily would have been theirs and giving it to the corporate legatees in the residuary clause, he would have done more than merely express a " wish " that his estate be settled within three years. He left realty valued at about $88,500. He may have been providing against the possibility of a forced sale of this real estate. Whatever doubt there may be about the three-year clause, there is none regarding the effect of the other clause which qualifies and explains the desire to have the estate settled within three years. " And as soon as it can be conveniently and wisely done in the judgment of my executors " obviously relates to a period of less than three years. Such an expression has been held to mean the usual one-year period. *Rogers* v. *Rogers*, 2 Redf. 24.

The executors do not claim that the condition or circumstances of the estate required longer than the one-year period for settlement. There is nothing in the will that shows an intent to favor the religious bodies at the expense of the blood relatives. The amount of interest involved is said to be about $7,000. If payment had been deferred the full three years, the interest would be a much larger sum. Carrying the contention of the residuary legatee to its logical conclusion, the executors would have been justified in withholding payment of the general legacies for three years and in adding the increment thus obtained to the residuary legacies. The language of the will does not seem adapted to such a purpose. If the testator intended any such mode of administration, it must be admitted that the will does not *clearly* express such an intent. As the will is doubtful, the residuary legatees cannot prevail against the relatives, who were the chief objects of the testator's bounty.

In *Matter of Werlich*, 230 N. Y. 516, 520, the Court of Appeals,

Surrogate's Court, New York County, March, 1922.    [Vol. 118

through Judge Pound, said: " But the rule that ' where a will is capable of two interpretations, that one should be adopted which prefers those of the blood of the testator to strangers   *   *   *   *can be overcome only by clear and unequivocal language.'* "   This seems to fit the situation here presented. I do not think the testator intended to increase the residuary at the expense of his relatives.

The case of *Bank of Niagara* v. *Talbot*, 110 App. Div. 519, is not to the contrary. The language of that will was positive and direct. The condition of the estate, the problem confronting the executors in disposing of the one piece of real estate that practically comprised the estate, and the fact that the husband was the residuary legatee, were the chief factors in the decision.

The case of *Kent* v. *Dunham*, 106 Mass. 586, cited by the residuary legatees, is not helpful. The will under consideration there contained a mandatory direction that unless the three legacies could be paid from sales of property, without sacrifice, " the same [were] to be paid within three years from the date of the probate of this will." Such a direction is not analogous to the language of the will herein.

In my opinion the general legatees are entitled to interest from one year after the issuance of letters. The will is construed accordingly.

Decreed accordingly.