In the Matter of the Judicial Settlement of the Accounts of Hallett B. White, Late Administrator with the Will Annexed, Now Deceased, and of Arthur B. Seymour, as Administrator with the Will Annexed of Georgianna White, Deceased.

Surrogate's Court, Westchester County, April 29, 1927.

**Executors and administrators — accounting — unpaid balance of legacy draws interest from date legacy was payable under will.**

On this accounting proceeding, the unpaid balance of a legacy, the payment of which has been deferred because of lack of funds, is payable with interest from the date it was due under the will, in the absence of any intention in the will to limit the general rule as to the payment of interest upon legacies.

Final accounting by administrators with will annexed.

*Clayton Ryder,* for the petitioner.

Slater, S. This is a final accounting of administrators with the will annexed. The testatrix died January 3, 1900. By her will she gave to her son, Henry S. Ketchum, since deceased, the sum of $22,000 to be paid in three installments without interest; $7,000 to be paid at death, or within a year thereafter; $10,000 to be paid in five years after death; and the remaining $5,000 ten years after death, all without interest. The will gave the rest of the estate to the husband.

The first accounting proceeding was had in 1905. It shows the payment of legacies and that there was about enough money to pay the deferred gift of $5,000 due February, 1910.

The second accounting proceeding in 1910 indicates that the amount of commissions and the allowances made by the court diminished the corpus to the point where it was insufficient to pay in full the $5,000 payment in February, 1910.

In 1910 the balance of the legacy of $22,000, namely, $5,000, was not paid to Henry S. Ketchum, or his assignees in full. The sum of $4,033.97 was paid on account thereof, leaving a balance due of $966.03, and this amount was left unpaid because it was said the estate in possession of the executor had been exhausted.

The decedent was also the owner of a vested remainder in a trust created by her father's will, for the life of the father's widow. The life tenant under the father's will died November 15, 1924. In the instant proceeding the administrator is accounting for $3,188.91, being the amount of the funds received from the father's estate after the death of the life tenant. The estate of the testatrix,

without funds from 1910 until the present accounting, is now in funds and ready to make distribution.

The question the court is to decide is whether the unpaid balance of the legacy to Henry S. Ketchum, due and payable ten years from the testatrix's death, is to bear interest from that time according to general rule, or is it taken out of the general principle by the will and the surrounding circumstances?

There are two cases that reflect upon the question raised. The first is *Wheeler* v. *Ruthven* (74 N. Y. 428). In that case Judge ANDREWS wrote the opinion and said: " The question is presented under peculiar circumstances " and the court decided it " upon its special circumstances." In other words, the decision was based upon the circumstances of that particular case. In the *Wheeler* case the testatrix died without funds in hand, and no estate came into the possession of the executor until the falling in of the life estate by the death of the testatrix's mother. The instant case cannot claim these same facts.

It is my opinion that the instant case falls within the ruling of *Matter of Rutherfurd* (196 N. Y. 311) and *Matter of Stewart* (118 Misc. 237). In the *Rutherfurd* case the decedent had assets. All legacies were paid except the balance upon one. The estate was then exhausted and it awaited the falling in of a life estate to receive the ultimate remainder which was due the estate of the testatrix. The Appellate Division (133 App. Div. 89) had followed the reasoning of the *Wheeler* case, but the Court of Appeals reversed the ruling of the Appellate Division and called attention to the fact that the case was not controlled by *Wheeler* v. *Ruthven,* making a special reference to the statement in the *Wheeler* case that it applied to special circumstances.

The will of the testatrix in the instant case does not indicate an intention of the testatrix to exclude the general rule as to the payment of interest upon legacies. Consequently, the general rule is that interest begins to run upon a legacy from the time it is payable, and if payment of a legacy is to be deferred, the intention of the testatrix not to pay interest must be found in the will itself or interpreted in connection with the surrounding circumstances.

Interest will be allowed upon the unpaid balance of the legacy from January 3, 1910, at the rate of five per cent.

Submit decree.