In the Matter of the Estate of KATHLEEN K. DONAHUE, Deceased.

Surrogate's Court, New York County, October 24, 1933.

*Nicholas E. Betjeman*, for the executors and trustees, City Bank Farmers Trust Company and Nicholas L. Stokes.

*Carol O. Hoffmann*, for the legatee John C. Hendricks.

DELEHANTY, S. The executors of the will of deceased make no question that the estate is amply sufficient to pay the legacy due to petitioner herein. The executors have at all times been willing to make payment of the principal with interest for a period commencing one year from date of letters. The legatee has demanded payment with interest from a date seven months after the grant of letters. The issue thus presented is solely one of law and requires examination of the pertinent statutes.

The executors rely upon *Matter of Stulman* (146 Misc. 861, 868), wherein the Surrogate's Court of Kings county determined that despite changes in the provisions of the Surrogate's Court Act hereafter adverted to, the date fixing the inception of interest is governed by section 146 of Decedent Estate Law.

Prior to the revision of the Surrogate's Court Act in 1931, section 208 thereof provided that an estate representative who had distributed assets or money in satisfaction of claims or legacies or distributive shares after the expiration of one year could not be held accountable for the assets thus distributed at the behest of a creditor who theretofore had not filed a claim. Correspondingly section 218 of the Surrogate's Court Act then provided that the estate representative should not make payment earlier than a year of any legacy unless the will or a decree on accounting directed it to be sooner paid. Sections 255 and 261 of the Surrogate's Court Act provided that an estate representative might file his account and petition for a settlement at any time after one year from date

of letters. Section 258 of the Surrogate's Court Act provided that the surrogate might on proper application by an interested party compel the filing and settlement of such account after one year following date of letters. Supplementing these provisions of the Surrogate's Court Act, section 146 of the Decedent Estate Law provided that an action against an estate representative might be instituted by a legatee or distributee if after one year from date of letters demand for payment was refused.

In 1931 the words " seven months " were substituted in section 208 for the words " one year," and similar change was made in the text of sections 218, 255, 258 and 261 of the Surrogate's Court Act. No change was made at that time in the provisions of section 146 of the Decedent Estate Law. Prior to these amendments (effective April 21, 1931) there could be no doubt that the one-year period fixed the rights of the estate representative and of the legatee or distributee. The 1931 amendments by their terms were applicable only to persons dying after April 21, 1931. Decedent here died September 3, 1931, and hence consideration is required of the rights of her legatee under the terms of the 1931 amendments.

At the 1933 session of the Legislature there was adopted an amendment (Laws of 1933, chap. 634) to section 146 of the Decedent Estate Law, effective September 1, 1933, substituting the words " seven months " for the words " one year " theretofore in the statute. Thus it will appear that antecedent·April 21, 1931, there was a symmetrical plan for regulating the rights of legatees inclusive of their right to institute actions against estate representatives; that that same symmetrical plan is now the law and has been since September 1, 1933; and that between April 21, 1931, and September 1, 1933, no action could have been maintained by a legatee against any estate representative until one year after letters though an accounting could have been compelled and a decree on accounting made at any time after seven months from date of letters. The question here is how does this lack of symmetry affect the right to interest on legacies granted by the wills of persons dying between April 21, 1931, and September 1, 1933? In *Matter of Stulman* (*supra*) the surrogate laid stress upon the failure to change in 1931 the text of section 146 of the Decedent Estate Law and held that interest would accrue only after one year from date of letters. Search of the proceedings of the Commission to Investigate Defects in the Laws of Estates discloses that the legislation in 1931 as proposed by the Commission originally contemplated that the period now fixed at seven months should be six months. The text of its report on this branch of the legislation (Leg. Doc. 1931, No. 69, p. 79) follows:

"The Commission believes that it is desirable to shorten the present periods for the ascertainment of the debts of the decedent, payment of legacies and distributive shares, and for the commencement of a voluntary or a compulsory proceeding for an accounting by an executor or administrator. * * *

"* * * By the reduction of the period for the payment of a legacy from one year to six months it is the intention of the Commission that interest will run on the legacy from a date six months after the issuance of letters, instead of one year under the previous rule."

For reasons which are not available in the record, the Legislature fixed seven instead of six months as the period at the end of which an account could be demanded. Probably this change was intended to permit completion of the six-month publication for claims prior to the accounting proceedings.

The distinguished chairman of the Commission, in a speech made to the New York County Lawyers Association three days after the legislation of 1931 became effective, said: "By the reduction of the period for the payment of a legacy from one year to seven months interest will run on the legacy from a date seven months after the issuance of letters, instead of one year under the previous rule."

This part of the report made by the Commission to the Legislature and this statement by its chairman of his understanding of the effect of the legislation are consistent with the tenor of the legislation itself and should remove any doubt that interest accrues as stated by the chairman. This court has so ruled (*Matter of Sternfels*, N. Y. L. J. June 7, 1933, p. 3427).

On principle the same result must be reached. It is to be noted that under the Surrogate's Court Act there always existed the power in a decree on accounting to order a legacy paid. The proceedings in the Surrogate's Court were not controlled by Decedent Estate Law. Section 146 of that law is a bar to an action at law only. It never operated after April 21, 1931, to impair the right of this court by decree to direct payment of a legacy. It did not constitute an affirmative declaration of the due date. It affected only the forum in which relief might be sought. The section it is true was part of a symmetrical plan. Even if by oversight of the Legislature this plan for the period between April 21, 1931, and September 1, 1933, became asymmetrical there is nothing in the lack of symmetry which deprives a legatee of his interest from the day the legacy became due. That due date from and after April 21, 1931, was seven months after the date of letters. Interest as claimed by petitioner accrues on the legacy here in question.

The ruling here made is applicable to those instances where the estate has the funds available for payment and no special provisions of the will or conditions of the estate warrant departure from the general rule. As heretofore, special conditions may require special rulings.

Ordered accordingly.