In the Matter of the Estate of WILLIAM A. TIERNEY, Deceased.

Surrogate's Court, Saratoga County, February 7, 1942.

*Edward McCormick,* for Madalyn Ford, petitioner.

*George E. O'Connor,* for Mary C. Greenhalgh and Louis R. Breslin, as executors, etc.

TUCK, S. The petitioner in this proceeding seeks an order directing the payment to her of lawful interest upon such portions of her legacy as has been withheld subsequent to the expiration of the seven months' period during which a notice to creditors was published following the issuance of the letters and/or directing an accounting.

The executors deny liability for interest and base their denial upon those provisions of section 124 of the Decedent Estate Law which forbid an executor to transfer or pay over any legacy with respect to which a Federal or State estate tax is imposed until the amount of such taxes due from the legatee is paid, or if the apportionment of tax has not been determined adequate security is furnished by the transferee for such payment.

The gross estate of this decedent was $451,682.62. The obligations of the estate, as they appear in the State and Federal tax returns, aggregate $183,134.11.

Briefly the will provides a legacy of $150,000 to the petitioner herein and approximately the entire residue is divided between decedent's sisters.

Some confusion seems to have arisen as to the basis of the right to compel payment of a legacy with interest, and section 146 of the Decedent Estate Law is referred to in petitioner's brief and is often referred to in authorities as the basis for this right.

So far as concerns an action in the Supreme Court the authority for such right of action is found in section 146 of the Decedent Estate Law and to entitle a plaintiff in an action to compel payment of a legacy and interest thereon, it is necessary that the demand required in the section be made, and also that the demand and the executor's refusal to pay be proved. Such demand constitutes a condition precedent to the right to bring the action and recovery has been denied where such proof has not been made. (*Beers* v. *Strong,* [1908] 128 App. Div. 20.)

So far as concerns special proceedings brought in the Surrogate's Court the authority for a proceeding to compel payment of a legacy with interest is found in sections 217 and 218 of the Surrogate's Court Act. In those provisions no demand is required. Formerly the provisions of section 218 of the Surrogate's Court Act prohibited a direction by the surrogate to pay the legacy until after the expiration of one year from the date of issue of the letters or of completion of the publication of notice to creditors. In 1931 (Laws of 1931, chap. 562) the Legislature shortened the term to seven months, but it was not until 1933 (Laws of 1933, chap. 634) that the Legislature amended section 146 of the Decedent Estate Law to provide for the bringing of an action to recover a legacy at the expiration of the seven months' period.

We must perceive from the proceedings of the Legislature a distinction between actions at law to recover a legacy and the special proceeding provided in the Surrogate's Court Act to accomplish the same purpose.

The petitioner's right here springs from the provisions of sections 217 and 218 of the Surrogate's Court Act. Further reasons for this distinction are clearly set out in the opinion of Surrogate DELEHANTY in *Matter of Donahue* (149 Misc. 558).

The executors of this will did not file the returns for the Federal and State estate taxes until after the expiration of the notice to creditors, but before the expiration of notice to creditors they had paid to the petitioner on account of her legacy the sum of $10,000, and nine days after the expiration of the notice to creditors they paid her on account the further sum of $100,000.

The testator died August 21, 1938.

Among the deductions set out in the State and Federal estate tax returns was one of $83,058.87. This deduction was allowed by the State taxing authorities less a salvage value of $1,500, but

was contested and disallowed by the Federal taxing authorities with whom, however, a compromise was arranged, which was approved on March 1, 1941, by the Commissioner of Internal Revenue.

The position taken by the executors is that because of the delay occasioned by the settlement of this item, the executors were justified in retaining a reserve sufficiently large to protect them for whatever tax might be levied against the estate, and that because of the prohibition contained in section 124 of the Decedent Estate Law the legatee is not entitled to interest.

In *Matter of Rutherfurd* (196 N. Y. 311) the Court of Appeals has held that interest accrues upon a legacy, payment of which is postponed beyond the time provided by the statute unless the intention of the testator is to postpone such payment, and such intention must be found in the will itself when interpreted in connection with the circumstances surrounding the testator at the time of making his will. And in their opinion the court discussed *Wheeler* v. *Ruthven* (74 N. Y. 428) which they distinguish because of the peculiar circumstances of that case which took it out of the general rule.

In *Wheeler* v. *Ruthven* (*supra*) there was no estate upon the death of the testator, and could be none until after the death of a life tenant of a trust of which the testator was a remainderman, and the court there held that the testator could not have intended interest to attach until after an estate came into being from which the legacies could be paid.

The reports contain opinions in a large number of cases which have been passed upon since the provisions of section 124 of the Decedent Estate Law were enacted, but in no case have we found authority for the proposition maintained by the executors here. Apparently section 124 of the Decedent Estate Law and section 218 of the Surrogate's Court Act are not repugnant and must be construed together, from which we reach a result that while the executor is prohibited from paying until the taxes are paid or adequate security is furnished by the transferee, nevertheless during the interim after the legacy becomes due, that is, after seven months, or at the conclusion of the publication of notice to creditors, interest attaches.

The petitioner maintains that she should not pay taxes in any amount that in any way represents in the net of the estate the amount of the Bache claim as finally adjusted for the reason that this was a benefit to Armitage who was guaranteed, and that regard should be had for this item in the adjustment of her share of the taxes.

: With this contention of the petitioner I cannot agree. The benefit to Armitage was not one which accrued under the will of the decedent, or by reason of his death, nor was Armitage ever in any different position either before or after the death of Tierney, or before or after the payment by the Tierney estate to Bache & Co. The net result of the payment by the Tierney estate of the amount of Armitage's debt was to subrogate the estate of Tierney as a creditor of Armitage, and Armitage was, and still is, liable to the estate to the extent of the payment required to be made by the executors to satisfy the guaranty.

The part payment of $100,000 of the legacy nine days after expiration of publication of notice to creditors was within a reasonable time and interest upon it should not be allowed. The balance of the legacy is entitled to draw interest up to the time of payment subject to the deductions to be made for the prorated amount of the legatee's shares of the State and Federal estate taxes.

In passing it should be said that heretofore and on the 30th day of June, 1941, an order was made by this court, from which no appeal was taken, in a proceeding instituted for the purpose of prorating the tax due upon the net estate found by the Federal taxing authorities and upon the net estate as found by the State taxing authorities. All of which occurred and the time to appeal therefrom expired prior to the decision of the Court of Appeals in *Matter of del Drago* (287 N. Y. 61).

Submit order accordingly, upon notice.