In the Matter of the Estate of MARIE S. ENGERT-COLMAN, Deceased.

Supreme Court, Special Term, Kings County, May 5, 1943.

*Cullen & Dykman* for Brooklyn Trust Company, as executor.

*Morgan & Lockwood* for Long Island College Hospital.

*Cadwalader, Wickersham & Taft* for Salvation Army.

*Joseph A. McNamara* for Roman Catholic Orphan Asylum Society in the City of Brooklyn.

*George Gray* for St. Mary's Hospital of the City of Brooklyn and others.

*Charles G. Coster* for Mission of the Immaculate Virgin for the Protection of Homeless and Destitute Children.

*Coombs & Wilson* for Industrial Home for the Blind and Faith Home for Incurables.

*Gillespie & O'Connor* for St. Joseph's Seminary and College.

*Francis M. McGoldrick* for Convent of the Sisters of Mercy.

DALY, J. In a proceeding by the Brooklyn Trust Company to render and settle its final account as temporary administrator of the goods, chattels and credits which were of, and as executor of the last will and testament of Marie S. Engert-Colman, deceased, et cetera, and to render and settle a final account of its acts and proceedings as trustee of a certain trust created in and by said last will and testament, the Surrogate of Kings County has disqualified himself and referred the petition to the Supreme Court, Kings County, Special Term, Part I, for determination.

The decedent died on January 17, 1940, leaving a last will and testament to which objections were filed by certain half brothers and sisters and two nieces of the full blood who were excluded by the will. Letters of temporary administration were applied for and granted on May 24, 1940. The contest of the will was settled by agreement on March 31, 1941, wherein it was provided that all persons beneficially interested in the

estate would pay the contestants $120,000, which sum together with all inheritance taxes should be borne pro rata by all legatees. Letters testamentary were granted on April 3, 1941. Within a short period thereafter all general legacies were paid to the extent of 85% thereof, the remaining 15% being withheld by the executor subject to an accounting as now made to cover each legatee's prorata share of inheritance taxes and the sum paid in settlement of the will contest.

The only question presented by the petitioner is " whether or not interest is due and owing on the general legacies bequeathed under the will and, if so, from what date and at what rate."

I think that all parties to this proceeding are agreed that if *Matter of McGowan* (124 N. Y. 526) is still good law it is decisive of the question presented here. There the court held that interest on a general legacy began to run one year after the granting of letters testamentary or of administration, including letters of *temporary* administration. The statute construed in the *McGowan* case became effective May 1, 1830, and read as follows: " 43. No legacies shall be paid by any executor or administrator, until after the expiration of one year from the time of granting letters testamentary or of administration, unless the same are directed by the will to be sooner paid." (Rev. Stat. of N. Y., part II, chap. VI, tit. III, § 43.)

This section was carried into the Code of Civil Procedure, becoming part of section 2721. It was changed by chapter 443 of the Laws of 1914 to become section 2688 of the Code of Civil Procedure, which read as follows: " No legacy shall be paid by an executor, or administrator with the will annexed, before the completion of the publication of notice to creditors if such notice be published, or if none be published before the expiration of one year from the time of granting letters testamentary or of administration, unless directed by the will or by a decree on an accounting to be sooner paid."

Section 2688 of the Code of Civil Procedure remained until May 21, 1920, when it became a part of section 218 of the Surrogate's Court Act. It remains unchanged to date except that the period of seven months has now been substituted for one year.

The petitioner and some of the residuary legatees who have appeared contend that it is questionable whether the decision in *Matter of McGowan* (*supra*) is still applicable in view of the aforesaid changes made in the language of the statute. But the only material change in the statute by the amendment of

1914 was to change the words " or administrator " where first used in the section to " or administrator with the will annexed." This, in my opinion, did not render the holding in the *McGowan* case inapplicable.

Section 92 of the Surrogate's Court Act provides in part as follows: " *Time, how reckoned upon successive letters.* Where it is prescribed by law, that an act must or may be done within a specified time after letters are issued, and successive or supplementary letters are issued upon the same estate, the time so specified must be reckoned from the issuing of the *first* letters * * *." (Italics mine.)

This section, when read in the light of section 218 of the Surrogate's Court Act and the ruling in *Matter of McGowan*, requires a holding that a legacy draws interest " after seven months from the issuance of letters to a temporary administrator." (3 Warren's Heaton on Surrogates' Courts, p. 845, § 307, ¶ 3, subd. (a); see, also, *Matter of Principe,* 166 Misc. 414; *Matter of Hallgarten,* N. Y. L. J. June 10, 1937, p. 2924.)

While it is true that at the expiration of seven months after the " issuing of the first letters ", to wit, the letters of temporary administration, the will had not been admitted to probate and the legacies were not payable, such legacies became vested when the will was finally admitted to probate and the legatees then became entitled to demand payment.

The testatrix had given general legacies to certain charities and provided that the residue pass to other charities. Pending the disposition of the contest a large amount of income was earned by the estate. Since neither the general legatees nor the residuary legatees were responsible for the delay, it would be unfair and contrary to the intention of the testatrix to permit the residuary legatees to retain all of the income earned during the interim period. On the other hand it would be equally unfair for the general legatees to receive for the interim period, when they were *not entitled to demand payment* of their legacies, the legal rate of interest which may be in excess of the income earned by the estate and thus at the expense and to the disadvantage of the residuary legatees.

The more equitable disposition is for the general legatees to receive interest on their legacies at the rate *earned* by the estate from seven months after the issuance of letters of temporary administration to the date that letters testamentary were issued. Under the particular facts here, the legatees *were entitled to demand payment* of their legacies as soon as letters testamentary were issued and are, therefore, entitled to draw interest

at the legal rate of 6% from that date until payment. (*Matter of McGowan, supra; Matter of Rutherfurd*, 196 N. Y. 311; *Matter of Harned*, 140 Misc. 151, affd. 234 App. Div. 796.)

Proceed on notice in accordance with the foregoing.